THE STAR WAGON CO. v. SWEZEY, LEBO & CO. ET AL.

| 52 | 391 |
| 105 | 444 |

1. **Partnership:** PROMISSORY NOTE: INDORSEMENT. Where, by the terms of a contract, a firm were to indorse certain notes taken by them as agents, which they did not do at the time the notes were taken, it was held that after dissolution the partner authorized to settle the business of the partnership had power to bind it by a guaranty of the notes in the firm name, the guaranty being the same in effect as an indorsement with waiver of notice of non-payment and protest.

*Appeal from Buena Vista District Court.*

WEDNESDAY, DECEMBER 3.

ACTION at law to charge defendants as guarantors of two promissory notes. The cause was tried to the court without a jury, and judgment was rendered for defendants. Plaintiff appeals.

*Hubbard & Clark,* for appellant.

*Robinson & Milchrist,* for appellees.

BECK, CH. J. The District Court made a finding of facts and reported the conclusions of law based thereon, upon which judgment was rendered. As it contains a clear statement of facts of the case we present it in full:

"In this case the pleadings and evidence establish the following facts. In March, 1872, the defendants, Swezey, Lebo, Stetson, Burrows and Waterman, were partners doing business at Newell, in this county. On the 13th day of that month said firm entered into an agreement to act as agents for the plaintiff for the sale of wagons manufactured at Cedar Rapids, Iowa; that the agreement was partly printed and partly in writing, and provided, among other things, that defendants are not to sell any wagons on credit to parties who are worth less than five times the amount of credit given in real estate, that they are to take notes containing a property statement, made payable to the order of the plaintiff, and indorse all notes taken and send to the plaintiff at Cedar Rapids. De-

fendants were also to aid in collection of notes and in securing doubtful claims. This agreement was to continue for one year. Under this agreement defendants received two wagons, one of which they sold to George Brown for $115, and took the notes in suit in payment therefor. I consider it established by the evidence that the defendants, after receiving the notes, sent them to the plaintiff at Cedar Rapids without any indorsement whatever, and that no objection was made at the time, nor until on or about the 24th day of March, 1873. One note matured in November, 1872, and the other in January, 1873.

"Some time in the summer or fall of 1872, and before the maturity of either note, the notes were returned to the defendants for collection, and remained in their hands until March 13th, 1873, and $25 was collected on one note and remitted to plaintiffs. A later payment of $40 was made on the notes, but the evidence does not show whether the same was remitted or not.

"About the 2d of November, 1872, the firm was dissolved, L. T. Swezey retiring therefrom, and a new firm organized, but up to a date as late as February 26, 1873, Swezey or some other members of the firm corresponded with the plaintiff, signing their letters Swezey, Lebo & Co., the name by which the firm was known and under which the agreement with plaintiff was made. On the 24th of March, 1873, Burrows guaranteed the notes in suit in the following words: 'In consideration of having been appointed agents by the Star Wagon Company for the sale of their wagons upon the conditions that we would guarantee all notes taken by us for them, and having taken the within notes for them in that capacity, we, the undersigned, do hereby guarantee payment thereof to them or their assigns, and hereby waive notice and protest. Dated at Newell this 24th day of March, 1873.

SWEZEY, LEBO & CO.'

"No authority was given him to make said guaranty by the other members who composed the firm, and he had no authority so to do unless his power was derived from authority given

him to settle the old business of the firm, he doing most of the correspondence relating to such business after the dissolution. No other member of the firm had any knowledge or notice that said guaranty was made.

"Judgment was entered on said notes against the maker in April, 1873.

"No consideration was paid or given Burrows, or any one of the defendants, for the making of the guaranty, and the same was made by Burrows under the supposition that the agreement required such a guaranty. No notice of the non-payment of said notes was given to any member of the firm, and they had no knowledge of said notes after March 24th, 1873.

"Upon the foregoing facts I find the following conclusions of law:

"The defendants Swezey, Lebo and Waterman are not bound by the guaranty, the same being made by Burrows after the dissolution without authority from them, it differing in terms, and liability from the guaranty required by the agreement.

"The defendant Burrows is not liable thereon, the same being made by him without consideration, and under the mistaken belief that the agreement required that form of guaranty. That the agreement of agency was executory in its terms as to the things to be done by the defendants, and that they did not become indorsers of notes taken by them under said agreement by virtue of that agreement alone, but must indorse such notes in fact before they can be held in a suit on the notes as guarantors."

We are well satisfied that all the facts found by the court which are involved in the view we take of the case are sufficiently established by the testimony.

It cannot be denied that if the guaranty executed by Burrows was, in effect, the same as the contract which the firm was bound to execute by the terms of the contract of agency, which required it to indorse the notes, he was authorized to execute the guaranty. The court below found the guaranty was not, in effect, the same as the contract which defendants undertook to execute, viz., an indorsement of the notes.

1. PARTNER-SHIP: promissory note: indorsement.

It may, for the purpose of the case, be admitted that the liability of the defendants upon a guaranty and an indorsement would be different if notice of non-payment were waived in neither. In either case they would be entitled to notice of the default of the maker of the paper within a reasonable time, but in the case of a guaranty it may be shown, to excuse want of notice, that the guarantor had sustained no loss or detriment therefrom. 1 Parsons on Contracts, 514; 1 Parsons on Bills and Notes, 503. The difference in the contracts of guaranty and indorsement is this: the indorser is discharged unconditionally on account of a want of notice, while the guarantor is discharged if he suffered loss or detriment therefrom.

It will be observed the guaranty of the notes expressly waives notice. Now it will be readily seen that the liability of defendants upon the guaranty is not different from the liability upon an indorsement waiving notice. Defendants, in both cases, would be liable without notice. Notice, the very thing which creates a difference in the contracts, was not required in this case.

Was Burrows authorized to indorse the note waiving notice? In the contract with plaintiffs, defendants undertook to indorse the note. An indorsement waiving notice is covered by the terms of the contract. But if it were not, Burrows would be authorized to make such an indorsement for this reason: He was authorized to perform the partnership obligation and to adjust and settle debts of the partnership. While he could not make a new contract, he could perform an old one. A partner, after dissolution of the firm, may waive demand and notice of non-payment of a note which had been indorsed by the firm before its dissolution. In doing so, he does not make a new contract, he simply dispenses with testimony that otherwise would be required. *Darling v. March*, 22 Me., 184; Collyer on Partnership, section 546.

If Burrows could have so waived demand and notice on an indorsement before made, he surely could have waived it if he had made it himelf without condition, and his authority to make such indorsement is not disputed. It follows that, under

his authority as a partner, after dissolution, he could have indorsed the notes in performance of the contract with plaintiff, with a condition waiving demand and notice. He thus performs the contract, reaching a result precisely the same as he was fully authorized to attain by waiver of notice upon the indorsement made before dissolution.

The conclusion reached by the court below upon the facts found is not correct. It is not necessary to consider other questions discussed by counsel. The judgment of the District Court is

REVERSED.