ADAMS AND FRENCH HARVESTER COMPANY v. TOMLINSON
BROTHERS ET AL.

1. **Promissory Note:** GUARANTOR: LIABILITY OF. A guaranty, indorsed upon a note, is an absolute contract for the payment of the note at maturity, upon default of the maker; and the guarantor will be liable thereon, although the note was secured by a lien upon personal property, and the graurantee failed to enforce such lien until the security became lost and the maker of the note insolvent.

*Appeal from Mitchell Circuit Court.*

THURSDAY, APRIL 20.

ACTION at law upon guaranties of certain promissory notes. There was a judgment for plaintiffs upon a demurrer to defendants answer, from which they appeal. The facts of the case appear in the opinion.

*D. W. Poindexter,* for appellants.

*Clelland & Eaton,* for appellees.

BECK, J.—I. The action is brought upon guaranties indorsed upon several promissory notes, each of which is in the following language. "For value received we hereby guarantee the payment of the within note and waive protest, demand and notice of non-payment thereof." The first count of defendants' answer admits the execution of the guaranties, but alleges that the notes have not, for a long time, been in their possession or under their control, and other averments of the petition are denied. The second count of the answer is as follows: "The said defendants, as a second and distinct answer to said plaintiffs' petition, allege all the facts stated in the foregoing first count of the answer as to the execution of said notes, and the guaranties thereon, and allege that said notes so guaranteed by them and turned out to said plaintiffs, were all given by the makers for

the purchase of property belonging to these plaintiffs, and sold by these defendants as the agents of plaintiffs, in payment therefor. That all of said notes contained conditions and stipulations in substance that the title to the property so sold, for which said notes were given, should remain the property of the said Adams & French until said notes were fully paid, and that they, said Adams & French, should have full power to take possession of said property at any time they might see fit so to do, even before the maturity of said note, and sell the same at private sale, giving credit to the makers for the net proceeds so realized; that at the time said notes were so turned over and indorsed by said defendants to plaintiffs, the said makers of said notes, according to the best belief of these defendants, still held the possession of the property so sold, for which said notes were given, and had never, at any time, disposed of their interest therein; and said property was of great value, and subject at any time to be taken by plaintiffs on said notes, and formed good security for a large part of said indebtedness guaranteed by defendants, but is now used up, wasted, much impaired and worthless. That these plaintiffs neglected and refused to take said property and sell the same and apply the net proceeds on said notes, to the extinguishment of these defendants' guaranties, and neglected to exhaust the securities so held by them; that said notes and liens and securities, so created by the conditions and stipulations in said notes, were under the exclusive control of said plaintiffs; that the makers of said notes were at the time of the maturity of said notes, and at the time said notes were guaranteed by defendants, solvent, good and collectible; that said notes were transferred and guaranteed before their maturity; that if suit for the collection of said notes had been promptly brought when said notes became due, and prosecuted to judgment, and the makers pursued with executions, the said notes could and would have been collected of and from the makers thereof; that the makers of said notes, or some of them, have now become insolvent, and by reason of the neglect of said plaintiffs to take and exhaust their securi-

ties, as aforesaid, and the neglect of said plaintiffs to sue said makers of said notes within a reasonable time after the maturity of said notes, and prosecute them to judgment and pursue said makers with executions on said debts, the collection thereof from the makers has been lost; and that through the fault of these plaintiffs, and no fault of these defendants. Wherefore, these defendants ask to be discharged with their costs."

To the second count of the answer plaintiffs demurred on the ground that the matter pleaded constitutes no defense to the action. The demurrer was sustained by the court below.

II. The guaranties sued upon are absolute contracts for the payment of the notes at maturity, upon default of the makers. The position is sustained by familiar rules of law, and does not demand for its support the citation of authorities. See *Fuller et al. v. Tomlinson Brothers, ante,* 111, decided at the present term. The demurrer to the answer was, we think, rightly sustained.

AFFIRMED.