THE STAR WAGON CO. v. SWEZY, LEBO & CO.

1. **Practice in the Supreme Court:** SECOND APPEAL: FORMER ADJUDICATION. Where a question involved in a cause has been adjudicated in this court, it becomes *res adjudicata* as between the parties, and will not be reconsidered upon a subsequent appeal of the same cause. *Adams County v. The B. & M. Railway Company*, 55 Iowa, 94, followed.

2. **Promissory Note:** WAIVER OF NOTICE AND PROTEST: EFFECT OF. Where a guarantor of a note waives notice and protest, the holder, in an action against the guarantor, is not required to prove that the latter has sustained no detriment for want of notice.

3. ———: GUARANTY OF: CONSIDERATION FOR. A valid contract between the parties, which provided, among other things, for the guaranty of the note in question, *held* a sufficient consideration for the guaranty.

4. ———: ———: NOT WAIVED BY MERE LACK OF DILIGENCE IN COLLECTING. Mere lack of diligence on the part of the holder of a promissory note, in enforcing payment from the maker does not estop the holder from looking to the guarantor.

5. ———: CONTRACT FOR GUARANTY: WAIVER OF: FACTS NOT AMOUNTING TO. Where there was a contract that defendants should guarantee the notes to the plaintiff, the mere acceptance of them by the plaintiff without the guaranty, in the course of a settlement, was not a waiver of the right to have them guaranteed.

6. **Attorney Fee:** INTEREST ON NOT WARRANTED. Where an attorney fee is provided and allowed in a suit upon a promissory note, but its collection is delayed by the appeal of the cause, there is no warrant for the court, upon a subsequent trial, to allow interest on it.

7. **Practice in Supreme Court:** OFFER TO REMIT EXCESS OF JUDGMENT. Where the only error in a judgment appealed from is that it is excessive in a definite amount, the result of mere calculation, and the appellee offers in this court to remit such excess, he may do so, and the judgment so modified will be affirmed.

*Appeal from Buena Vista District Court.*

FRIDAY, APRIL 25.

THE plaintiff is the holder of two promissory notes, purporting to be guaranteed by the defendants. This action is brought to recover of them as such guarantors. The ques-

tion arises upon the plaintiff's demurrer to the defendants' answer. The court sustained the demurrer, and, the defendants electing to stand upon their answer, judgment was rendered against them for the amount of the notes and attorney fees provided therein. The defendants appeal.

*Robinson & Milchrist*, for appellants.

*Lot Thomas* and *Hubbard & Clark*, for appellees.

ADAMS, J.—This case is before us upon a third appeal. See 52 Iowa, 391, and 59 Id., 610. The demurrer which the court sustained was filed since the last appeal. The answer demurred to is set out in substance in the opinion of Mr. Justice Beck in the case, as reported in 59 Iowa, to which we desire to refer. The firm name was signed to the guaranty by Burrows, one of the partners, and it is insisted that the answer shows that he had no authority to so use the firm name after its dissolution, and especially had no authority to waive notice and protest. To this we have to say that the answer must be taken in connection with the contract set up by plaintiff, and which the defendants do not deny. When the answer is thus taken, the question in respect to Burrows' authority seems to be identical with the question as to his authority determined upon the former appeals. For this case, then, that determination has the force of an adjudication, and the correctness of it is not subject to review.. *Dewey v. Gray*, 2 Cal., 377; *Stacy v. Vermont Cen. Railway Co.*, 32 Vt., 552; *Parker v. Pomeroy*, 2 Wis., 122; *Adams County v. The B. & M. Railway Company*, 55 Iowa, 94. The same may be said in regard to the waiver of notice and protest. The defendants insist, however, that, even if it should be conceded that there was a valid waiver of notice and protest, there was no waiver of averment and proof on the plaintiff's part that the defendants had sustained no detriment for want of notice. But in our opinion this position cannot be sustained. The object of the waiver was to release the plaint-

iff from making demand and giving notice; and we think that it would be inconsistent to hold that the defendants might still insist upon some of the consequences that would otherwise attach to a failure.

The defendants insist that the answer shows that there was no consideration for the guaranty. But, if the execution of the guaranty was merely carrying out the contract, as has been held on a former appeal, then the consideration of the contract was the consideration of the guaranty. The defendants pleaded certain matters which they call an estoppel. The averments relied upon pertain to the alleged settlement with defendants, and acceptance of the notes without the defendants' guaranty, and the alleged want of diligence in enforcing payment from the maker. For full statement of the averments, see Mr. Justice Beck's opinion above referred to.

Mere lack of diligence on the part of the holder of a promissory note in enforcing payment from the maker does not estop the holder from looking to the guarantor. As to the acceptance of the notes, it is sufficient to say that the plaintiff was entitled to the notes, and might properly enough accept them in advance of the execution of the guaranty. The more usual way, perhaps, would have been to demand the guaranty at the time of acceptance, but the plaintiff might have overlooked the fact that they were not guaranteed, or have forgotten the terms of the contract. The fact of acceptance without such demand did not, we think, constitute a waiver, and the defendants were not justified in relying upon it as such. The settlement set up we cannot infer was anything more than a settlement of the defendants' account, embracing, among other things, the transaction out of which the notes grew. If the settlement expressly embraced a waiver of the guaranty of the notes, it would have been easy to aver it. The inference is that nothing was said about it. We think that the demurrer to this part of the answer was properly sustained.

The court in rendering judgment not only allowed an at-

torney fee of ten dollars upon each note, as provided therein, but two dollars and fifty cents in addition, said to be for interest on the attorney fee. We see nothing to justify allowing interest on the attorney fee. But, as the plaintiffs offer to remit the sum of two dollars and fifty cents in case we think it should not have been allowed, we cannot reverse, but that amount may be deducted, and the judgment below, thus modified, will be affirmed.

MODIFIED AND AFFIRMED.