T. T. JENKINS, Cashier, *v.* T. A. H. WILKINSON et al.

*Guarantor of Payment—Guarantor of Collection—Promissory Note—Extension of Time for Payment.*

1. A was indebted to B, and gave his promissory note, which, at maturity, he failed to pay. In consideration of a further extension of the time for payment, C executed a writing, promising to guarantee the payment of the debt, provided B would hold a certain mortgage as collateral: *Held*, C was liable as a guarantor of *payment*, and not as a mere guarantor of *collection*.

2. A guarantor of *payment* is liable upon an absolute promise to pay, upon the failure of the principal debtor.

3. A guarantor of *collection* is liable upon a promise to pay the debt, upon condition that the guarantor shall diligently prosecute the principal debtor without success.

This was a CIVIL ACTION, tried by *Brown, J.*, at the Fall Term, 1890, of GASTON Superior Court.

The complaint alleged that the defendant T. A. H. Wilkinson was indebted to him as cashier, and gave his promissory note, of which the following is a copy:

"$800.                    GASTONIA, N. C., Jan. 5th, 1888.

Ninety days after date, I promise to pay to the order of T. T. Jenkins, cashier, eight hundred dollars, negotiable, and payable at the office of Craig & Jenkins, bankers, value received, with interest at the rate of eight per cent. per annum after maturity. Due April 4th, 1888.

                         T. A. H. WILKINSON."

Wilkinson paid the interest up to the 4th of July, 1888, but was unable to pay the note at maturity, when payment was demanded. In consideration of further indulgence, the defendant Nancy Wilkinson executed a paper-writing, of which the following is a copy:

                    "DENVER, N. C., April 14th, 1888.

MR. T. T. JENKINS, *Gastonia, N. C.*:

DEAR SIR—You will please grant my son, T. A. H. Wilkinson, all the indulgence that you possibly can give, in reason, on the note that you hold against him at your bank, and I will guarantee the payment of the debt, provided that you hold the mortgage which T. A. H. Wilkinson, my son, made to N. A. W. Wilkinson, as collateral on said debt.

                    Yours truly,

                         NANCY WILKINSON."

The plaintiff alleged further that he had performed all the conditions named by the guarantor, and that the debt had not been paid.

There was a verdict and judgment for the plaintiff. Defendant appealed.

*Mr. C. W. Tillett*, for plaintiff.

No counsel *contra.*

SHEPHERD, J.: There is a plain distinction between a guaranty of payment and a guaranty of collection. "The former is an absolute promise to pay the debt at maturity, if not paid by the principal debtor, and the guarantee may begin an action against the guarantor. The latter is a promise to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor without success." *Jones* v. *Ashford*, 79 N. C , 173; Baylie's Sureties and Guarantors, 113.

This case belongs to the former of these classes, and the plaintiff having complied with the terms imposed upon him by the contract, had a right to sue the defendant Nancy Wilkinson upon the maturity of the obligation.

Her agreement was not to pay after the plaintiff had exhausted the mortgage security, but it was absolute upon default of the debtor, and the requirement that the plaintiff was not to surrender the mortgage was only for her protection by way of subrogation, in the event of her being compelled to pay the debt.

No error.