## S. A. HOYT v. A. U. QUINT, Appellant.

**Guaranty:** ABSOLUTE LIABILITY.  One who was not a party to a note signed the guaranty written on the back of the note: "I guaranty payment.  Demand, notice and notice of protest waived " *Held*, that the guaranty was absolute, and the guarantor could not plead want of notice and demand, and lack of diligence on the part of the payee in collecting from the payor, as a defense.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, MAY 14, 1898.

ACTION on the guaranty of a promissory note.  Judgment for plaintiff and defendant appeals.—*Affirmed*.

*Geo. W. Bowen* for appellant.

*F. M. Powers* for appellee.

LADD, J.—The petition, filed August 12, 1896, alleges that J. M. and Lulu Boyce executed their promissory note, August 13, 1893, to S. A. Hoyt, for the sum of three hundred and sixty-eight dollars and eight-four cents, payable one year after date, and that defendant guaranteed the payment thereof in these words indorsed on the back thereof: "I guaranty payment.  Demand, protest, and notice of protest waived.  A. U. Quint." In his answer, filed April 3, 1897, the defendant averred that nearly two years before the beginning of this suit he requested the agent of plaintiff to collect the note of the maker, who at that time was solvent and had property subject to execution; that the plaintiff neglected to do so, and exercised no diligence in securing payment from Boyce; that since that time Boyce has

become insolvent, and said note cannot be collected; and that by reason thereof the defendant is released. The plaintiff demurred to this answer on the ground that the "defendant became an absolute guarantor for the payment of this note if not paid by the principal, and waived all conditions which might limit his liability as a guarantor. The court sustained the demurrer, and, defendant having elected to stand on the ruling, judgment was entered as prayed.

I. The guaranty was absolute. *Marvin v. Adamson*, 11 Iowa, 371; *Bank v. Gaylord*, 34 Iowa, 246; 1 Daniel, Negotiable Instruments, section 1769; Brandt, Suretyship, section 170. The guarantor of a promissory note is not entitled to have a demand made, as it is the duty of the maker to find the note and pay it at maturity. *Sabin v. Harris*, 12 Iowa, 87; *Reynolds v. Douglass*, 12 Pet. 497; *Allen v. Rightmere*, 20 Johns. 365. The defendant became absolutely liable upon the failure of Boyce to make payment. If entitled to notice, he was not discharged by want thereof, unless he suffered some detriment. But notice was expressly waived, and thereby he assumed to protect himself. The guaranty in such a case is as binding as an original promise, and the guarantor cannot plead lack of diligence as a defense. *Harvester Co. v. Tomlinson*, 58 Iowa, 129; *Fuller v. Same*, 58 Iowa, 112; *Wagon Co. v. Swezey*, 52 Iowa, 391; Id., 63 Iowa, 520; *Cobb v. Little*, 11 Am. Dec. 72; *Bloom v. Warder*, 13 Neb. 476 (14 N .W. Rep. 395); *Hungerfrod v. O'Brien*, 37 Minn. 306 (34 N. W. Rep. 161.—AFFIRMED.