HANNA *et al.* v STROUD *et al.*

Where an assignor of a bond secured by mortgage guarantied the payment of interest until full payment of the principal, and payment of the principal within two years from maturity, reserving the right to take a reassignment at any time on payment of the principal and accrued interest, it was not discharged from liability on such guaranty because an action to foreclose the bond and mortgage was not begun within two years from maturity, but was liable for any deficiency thereon after applying the proceeds of sale.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Sanborn county. Hon. FRANK B. SMITH, Judge.

Action by George A. Hanna and another against Alfred I. Stroud and others to foreclose a mortgage and enforce pay-

ment of a bond. From a judgment in favor of the plaintiffs, and against defendant the Northwestern Loan & Banking Company for any deficiency arising after 'sale, it appeals. Affirmed.

*J. H. Williamson* and *Bailey & Voorhees,* for appellant.

*N. B. Reed,* for respondents.

CORSON, J. This case involves the construction of a guaranty entered into by the appellant, the Northwestern Loan & Banking Company, upon a bond executed by the defendants Alfred I. Stroud and Addie E. Stroud to the said loan company, secured by a mortgage upon real estate in Sanborn county. The bond and mortgage were executed February 1, 1890, and made payable January 1, 1895, and were transferred by the loan company, and before maturity the same were assigned to the plaintiffs, who became the lawful owners and holders thereof. The plaintiffs commenced their action to foreclose their bond and mortgage in March, 1898—more than two years after the maturity of the same. The loan company was made a defendant, and in their prayer for judgment the plaintiffs asked that the appellant might be adjudged to pay any deficiency that might remain upon the sale of the mortgaged premises. The case was tried by the court without a jury, and it found in favor of the plaintiffs, and adjudged and decreed that the appellant should pay any deficiency that might arise upon the sale of the mortgaged premises. From this judgment the loan company has appealed to this court.

The guaranty before referred to is as follows: "For value received, the Northwestern Loan & Banking Company, of Madison, South Dakota, hereby guaranties: First. The

13 S. D.—23

prompt payment of interest at the rate of seven per centum per annum, until principal is fully paid, on a certain bond, described as follows, viz.: Numbered 671, for five hundred dollars ($500); dated at Madison, South Dakota, February 1st, 1890; due January 1st, 1895; interest payable July 1st and January 1st each year; executed by Alfred I. Stroud and Addie E. Stroud to the said Northwestern Loan & Banking Company; secured by first mortgage on west half south east quarter section 24, township 107, range 61, Sanborn county, South Dakota, and which mortgage was recorded in the office of the register of deeds of said county and state aforesaid * * * on the 3d day of February, 1890. * * * Second. The payment of the principal within two years from maturity: provided, that if at any time the said Northwestern Loan & Banking Company should wish to redeem said bond, that the legal holder of the same, after ten day's notice thereof, shall elect to receive the immediate payment of the principal and the accrued interest thereon, or a similar guarantied note for the same amount, and bearing the same rate of interest, the said holder shall thereupon indorse and deliver said bond, with the coupons attached thereto, together with the mortgage securing the same, properly assigned, with all the papers belonging thereto, to the said Northwestern Loan & Banking Company, or, if he shall elect not to do either, then this guaranty shall henceforth become and be null and void." The appellant contends that under this guaranty the plaintiffs should have brought their action within two years from the maturity of the bond, and that, not having done so, the loan company is discharged from liability on its guaranty. The respondents, on the other hand, contend that the plaintiffs could not bring their action until after

the two years had expired, as the guaranty was that the money should be paid within two years, and until the expiration of that time no right of action accrued, and the appellant had the right to demand the reassignment of the bond and mortgage to itself; and this was evidently the view taken by the trial court. It will be observed that by this guaranty the appellant guarantied (1) the payment of all interest; (2) the payment of the principal within two years; (3) it reserved to itself the right, at any time it should wish to redeem said bond, to do so, upon the conditions therein stated. We are of the opinion that the true construction of the guaranty is that the payment of the interest is absolutely guarantied; that the payment of the principal within two years from maturity is also absolutely guarantied, and that no action is required to be commenced to enforce collection within the two years by the holder of the bond and mortgage; and that at any time within two years and subsequent thereto, before an action should be actually commenced, the appellant had the right to demand a reassignment of the bond and mortgage upon the payment of the principal and interest. It is quite clear, therefore, construing all the provisions of the guaranty together, that the appellant's guaranty was absolute that the bond and mortgage should be paid within two years from the time of their maturity, and on failure of the payment of the same by the mortgagors within that time a right of action accrued to the plaintiffs to recover of the appellant the amount due upon the same. The plaintiffs clearly had a right to proceed against the property, and, that not being sufficient to pay the sum due upon the note and mortgage, to hold the appellant for any deficiency. The court was clearly right, therefore, in adjudging the appellant liable for any de-

ficiency. · The learned counsel for the appellant insists that this case comes within the principle laid down in Stackpole v. Trust Co., 10 S. D. 389, 73 N. W. 258, but we do not agree with counsel in this. In the Stackpole case the guaranty was one for collection, which is governed by very different rules from one for payment. In the former case the party relying upon the guaranty must take the proper steps within the proper time to enforce collection, but in the latter case the guaranty is an unconditional promise, and no steps are required to be taken against the principal to enforce the contract guarantied within the time limited, and no right of action accrued to the holder, as against the guarantor, until the time within which the payment was guarantied to be made expired. The judgment of the circuit court is affirmed.