WILLIAM FEGLEY, PLAINTIFF IN ERROR, VS. W. S. JENNINGS, DEFENDANT IN ERROR.

GUARANTY—DEFENSES BY UNCONDITIONAL GUARANTOR.

Where a party assigns and transfers a promissory note for value, and "guarantees its prompt payment at maturity," such guaranty is an unconditional promise on his own account to pay a sum certain at a definite time. In a suit upon such a guaranty, presentation of the note to the maker when due, request of him to pay, and notice to the guarantor of dishonor need not be alleged; nor is the guarantee at law under any legal obligation to first resort to the maker of the note guaranteed, or to any securities held for its payment; and the failure of the assignee of such note to present it when due to the maker for payment, or to give notice to the guarantor of its dishonor, or to resort to foreclosure poceedings of a motgage given to secure such note, furnish no defense to such guarantor in a suit upon his unconditional gauranty thereof; and a demurrer to a plea setting up such defenses by the guarantor should be sustained. If the guarantor in such a case desires immediate resort to the mortgage security held for such note, his remedy is to pay the note according to his contract of guaranty, and then himself enforce the mortgage security to which he would be subrogated.

Writ of Error to the Circuit Court for Hernando County.

## STATEMENT.

The plaintiff in error brought suit against the defendant in error in the Circuit Court of Hernando county. The declaration alleged that on January 24th, 1893, J. B. Fellhemer and R. S. Clark "by their joint and several

promissory note, now overdue, promised to pay to defendant or order, on or before three years after date, the sum of four hundred and fifty dollars, at the Brooksville State Bank of Brooksville, Florida, with interest at ten per cent. per annum from date until paid, * * * *and the defendant for value received transferred and set over the same to the plaintiff, and guaranteed its prompt payment at maturity;* and the said note was duly presented for payment at the Brooksville State Bank aforesaid, and was dishonored, whereof the defendant had due notice but did not pay the same or any part thereof, although often requested by the said plaintiff so to do," &c.

A demurer to the declaration was filed and overruled. Certain pleas were filed and a demurer thereto sustained, and afterwards defendant filed an amended plea alleging in substance that on the date of the note sued on the makers thereof to secure its payment executed a mortgage on certain lands in Hernando county, which contained a valuable orange grove; that said note and mortgage on or about April 14th, 1893, were transferred by defendant to plaintiff; that said mortgage contains the following stipulations, *viz*: "Said parties of the first part hereby agree to work and cultivate said orange grove in a good and workmanlike manner, to keep the same in good repair, and upon their failure so to do said parties of the second part shall be entitled to, and shall have peaceable and immediate possession of said property, *and said notes and mortgage shall then and there become due and payable;*" that said makers and mortgagors failed during the month of July, 1893, and ever afterwards failed and refused to work and cultivate said orange grove in a good and workmanlike manner and to keep the same in good repair, and that by reason of such default and failure

the said note became then and there due and payable and defendant immediately thereafter requested plaintiff to foreclose said mortgage, at which time the same was full and ample security for the note sued on, yet plaintiff failed and neglected to foreclose said mortgage, and the said orange groves and premises since, viz: during the month of February, 1895, have by reason of a freeze become practically worthless, and the makers of said note insolvent, and plaintiff by his fault in failing and neglecting to foreclose said mortgage when it became due lost said security, and defendant all means of obtaining repayment of the sum sued for from said makers.

Another plea was filed denominated a plea on equitable grounds, which was substantially the same in its allegations.

Plaintiff filed a demurrer to both pleas, which was overruled as to the first, and sustained as to the second, and thereupon issue was joined on the first plea and a trial had resulting in a verdict and judgment for defendant. An ordinary and evidentiary bill of exceptions were made up and settled, and the case is now here on writ of error.

*Angus Paterson* and *T. S. Coogler,* for Plaintiff in Error.

*G. C. Martin,* for Defendant in Error.

PER CURIAM.

This cause being reached in its regular order for final adjudication, was referred by the court to two of its commissioners, Mess. Maxwell and Glen, who have reported that the judgment should be reversed, for reasons stated in the following opinion.

The first error assigned is that the court erred in over-
ruling plaintiff's demurrer to defendant's first amended
plea.   The declaration alleged the making of a note to de-
fendant, and that the latter *"for value received* transferr-
ed and set over the same to the plaintiff, *and guaranteed
its prompt payment at maturity."*   The cause of action,
therefore, was an undertaking on the part of the defend-
ant, accompanying the transfer of the note, whereby its
prompt payment at maturity was guaranteed by defend-
ant, and this undertaking was upon a valuable considera-
tion.   Defendant promised on his own account to pay a
sum certain at a definite time.   2 Daniel on Neg. Insts. sec-
tions 1760, 1763; Brown v. Curtiss, 2 Comstock, 225;
Johnson v. Gilbert, 4 Hill, 178.   Nor was the undertaking
a promise that the note should be paid if reasonable dili-
gence should be exercised in pursuing the makers, or a
guaranty that the note was *collectible,* but it was an ab-
solute and unconditional guaranty of *payment* as stated.
The rule of the common law is that under such a guaranty
presentation of the note to the maker when due, request
to pay, and notice to the guarantor of dishonor need not
be alleged, nor is the guarantee at law under any legal
obligations to first resort to the maker of the note guar-
anteed or any securities held for its payment.   Walton v.
Mascall, 13 M. & W. 452; Ibid.  72 and note; 2 American
Leading Cases, by Hare and Wallace, 116; Douglass v.
Howland, 24 Wend. 35.   Also the following American au-
thorities: 2 Daniel on Neg. Insts. sections 1761, 1769; Bay-
lies on Sureties, &c., page 17, sec. 7; Wright v. Dyer, 48
Mo. 525; Osborne v. Lawson, 26 Mo. App. 549; Roberts v.
Hawkins, 70 Mich. 566, 38 N. W. Rep. 575; Brown v. Cur-
tiss, 2 Comstock, 225; Allen v. Rightmere, 20 Johns. 365;
Newcomb v. Hale, 90 N. Y. 326; Hoyt v. Quint, 105 Iowa,

448, 75 N. W. Rep. 342; Huff v. Slife, 25 Neb. 448, 41 N. W. Rep. 289; City Sav. Bank v. Hopson, 53 Conn. 453, 5 Atl. Rep. 601; Gridley v. Capen, 72 Ill. 11; Duncanson v. Kirby, 90 Ill. App. 15; Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. Rep. 161; Clay v. Edgarton, 19 Ohio St., 549; Roberts v. Riddle, 79 Pa. St., 468; Hanna v. Stroud, 13 S. Dak. 352, 83 N. W. Rep. 365; Donley v. Camp, 22 A'a. 659; Townsend v. Cowles, 31 Ala. 428; Cobb v. Little, 2 Greenleaf (Me.) 261, S. C. 11 Am. Dec. 72; Klein v. Kern, 94 Tenn. 34, 28 S. W. Rep. 295; Jenkins v. Wilkinson, 107 N. C. 707, 12 S. E. Rep. 630; Dickerson v. Derrickson, 39 Ill. 574; Day v. Elmore, 4 Wis. 190. See, also, Welch v. Walsh, 177 Mass. 555, 59 N. E. Rep. 440; Bingham v. Mears, 4 N. Dak. 437, 61 N. W. Rep. 808, S. C. 27 L. R. A. 257. The plea set forth a condition of the mortgage whereby it was claimed the note, by reason of a breach of such condition became immediately due, then averred a request on plaintiff to foreclose, which the latter failed to comply with, and a loss of the property given as security in consequence thereof, but these facts constituted no defence to an action upon the undertaking of the defendant, which was an absolute and unconditional guaranty of *payment,* and the demurrer to the plea should have been sustained. Newcomb v. Hale, *supra;* Fuller v. Tomlinson, 58 Iowa, 111, 12 N. W. Rep. 127; Adams Harv. Co. v. Tomlinson, 58 Iowa, 129, 12 N. W. Rep. 139; Blanding v. Wilsey, 107 Iowa, 46, 77 N. W. Rep. 508; Wells v. Mann, 45 N. Y. 327; Sample v. Martin, 46 Ind. 226; Brandt on Suretyship, &c. section 242. See, also, authorities *supra.* If defendant desired immediate steps taken to enforce the mortgage security, his remedy was to perform the contract of guaranty by paying the holder the amount of the note, and then enforcing the security himself.

The plea demurred to was the only plea upon which trial was had, and, as it did not constitute any defence to the action, and the demurrer thereto should have been sustained, it is unnecessary to consider any of the other assignments of error.

The judgment should be reversed and the cause remanded with directions to sustain the plaintiff's demurer to defendant's amended plea, and for such further proceedings as may be conformable to law and in accordance with this opinion. So ordered.