EDMUND T. MUDGE, trading as DOBLER & MUDGE, v. H. B.
VARNER.

(Filed 27 November, 1907).

**1. Guarantor of Payment.**

Plaintiff, holding a valid account, past due, against a corpora-
tion, of which defendant was president, placed it in the hands of
an attorney for collection. The defendant wrote, protesting
against such course, and the plaintiff replied that, if defendant
would endorse notes for the account against the corporation, he
would withdraw the claim immediately. Thereupon, defendant
wrote, saying: "Will you hold up this account until July 10th
inst.? If so, I will guarantee that it will be paid on that date."
Plaintiff immediately agreed to delay: *Held*, that the defend-
ant's agreement to pay the debt of the corporation was a per-
sonal one and absolute, upon default of the principal after the
agreed time, and that it was a guarantee of payment and not of
collection.

**2. Same—Contracts, Written—Parol Evidence.**

When, from the entire correspondence, it conclusively appears
that the defendant personally guaranteed the payment of the
debt of a corporation, of which he was president, he may not
testify as to what he intended, so ·as to contradict or alter the
clear import of the terms expressed in the correspondence.

CIVIL ACTION to recover on an account for goods sold and
delivered and guaranteed ·by defendant, tried before *Moore,
J.,* and a jury, at May Term, 1907, of the Superior Court of
ROWAN County.

Verdict and judgment for plaintiff, and defendant excepted
and appealed.

*John L. Rendleman* and *Adams, Jerome & Armfield* for
plaintiff.

*R. Lee Wright·* and *P. S. Carlton* for defendant.

HOKE, J.  Plaintiff, holding a valid account, past due, for
goods sold and delivered to the Globe Publishing Company,
to the amount of $286.88, and having some reason to complain
of inattention on the part of the company to his letters con-

cerning it, placed the same in the hands of an attorney for collection.    Defendant, who was the president of the Globe Company, wrote protesting against such course, whereupon plaintiff wrote that, if defendant would give notes for the account and endorse same, the plaintiff would withdraw the claim from the hands of the attorney.    Defendant replied, giving plaintiff general assurance of payment, but not offering to endorse any notes for the account.    Thereupon plaintiff wrote defendant a letter containing this statement: "Now, please do not misunderstand us; we are making a claim against the Globe Publishing Company, and not against you, and if you have any confidence yourself in the Globe Publishing Company you will endorse the notes.    Should we have a satisfactory settlement from you by Friday of this week, properly secured, we will withdraw the claim entirely from the hands of the attorney; otherwise, we will authorize him to proceed to collect the account by suit, if necessary.    If you should decide to endorse the note, and will wire us at once, we will withdraw the claim immediately."    In reply, defendant wrote, on June 25th instant, saying: "Will you be so kind as to hold up this account until July 10th?    If so, I will guarantee that it will be paid on that date."    Plaintiff immediately replied, agreeing to the delay.

The account was not paid, and some time thereafter the company became insolvent, and the present action was instituted against defendant, personally, on the agreement contained in this written correspondence.

Recovery was resisted by defendant, chiefly on the ground that the plaintiff was required to show that he had proceeded with diligence against the principal debtor.    The evidence does not indicate very clearly that the plaintiff has been at all remiss in this respect, but, conceding that this should be established, we are of opinion that it would not avail to relieve defendant from liability, for the reason that the agreement shown by the correspondence is a guarantee of payment

and not simply of collection, and, on default of the principal, the defendant's obligation to pay became absolute. *Cowan v. Roberts,* 134 N. C., 415; *Jenkins v. Wilkinson,* 107 N. C., 707; *Jones v. Ashcroft,* 79 N. C., 173. In *Jenkins v. Wilkinson, supra,* the distinction between the two kinds of guarantee is well stated, and in that case the Court held: "1. A was indebted to B, and gave his promissory note, which, at maturity, he failed to pay. In consideration of a further extension of the time for payment, C executed a writing, promising to guarantee the payment of the debt, provided B would hold a certain mortgage as collateral: *Held,* C was liable as a guarantor of payment, and not as a mere guarantor of collection. 2. A guarantor of payment is liable upon an absolute promise to pay, upon failure of the principal debtor. 3. A guarantor of payment is liable upon a promise to pay the debt, upon condition that the guarantor shall diligently prosecute the principal debtor without success." The authority is decisive against this position of defendant.

It is objected, further, that the Court declined to permit defendant to testify as to what he intended by the letter in which he guaranteed the payment, to-wit, that he only intended to give the promise as president of the company and not as an individual, citing in support of his position the case of *Typewriter Co. v. Hardware, Co.,* 143 N. C., 97, and other cases of like kind. But the principle announced in those cases has no application here, where the entire contract is shown to be in writing and the terms are explicit and free from ambiguity. The guarantee of defendant as president would have given no additional value to plaintiff's claim against the company; that was already acknowledged and complete. The entire correspondence conclusively shows that the guarantee expressed was that of defendant personally. In such case the correct doctrine is that a party to such a contract is not permitted to contradict or alter the agreement by showing that he did not intend the clear import of the terms in which the con-

tract is expressed. *Bank v. Moore,* 138 N. C., 529, and authorities cited; Clark on Contracts, pp. 386-401.

In the case before us the letters express the entire contract between the parties. The obligation on the part of the defendant is explicit and absolute. The consideration, the assent to the delay asked for, is sufficient (Clark on Contracts, p. 121), and there is no reason shown why the plaintiff's recovery should not be sustained. The objection to the second deposition is without merit, and we find no error which gives defendant any just ground for complaint.

No Error.