CITIZENS STATE BANK OF MOUNT VERNON, Appellee, v. L. D. HENDRIX, Appellee, et al., Appellants.

**BILLS AND NOTES:  Protest and Notice of Nonpayment—Parties**
1  **Primarily Liable.**  A guarantor of payment of a negotiable promissory note is not entitled to protest and notice of nonpayment; likewise, an endorser who, subsequent to becoming such, becomes primarily liable for the payment of the note.

**BILLS AND NOTES:  Guarantors—Nonprejudicial Contracts.**  Guar-
2  antors may not complain of contracts of other parties which do not prejudice them in the slightest degree.

*Appeal from Linn District Court.—*F. F. DAWLEY, Judge.

DECEMBER 16, 1919.

ACTION at law upon two promissory notes.  Judgment was prayed against the three defendants, only one of whom, Hendrix, was the maker.  A cross-petition was filed by the maker, Hendrix, against his codefendants, praying that Barber, the payee of the note, be charged with primary liability therefor.  There was a judgment for the plaintiff, in conformity with the prayer of its petition and the prayer of the cross-petition of Hendrix.  The defendants Barber and Bennett appeal.—*Affirmed.*

*E. C. Barber* and *G. P. Linville,* for appellants.

*Kepler, Dennis & Kepler* and *E. A. Johnson,* for appellees.

EVANS, J.—Barber was the payee of the notes, and negotiated the same to the plaintiff before due. At the time of such negotiation, Bennett became a guarantor of payment thereof. The only semblance of defense set up by Barber and Bennett was that the plaintiff failed to protest the notes when due, and failed to give notice of nonpayment thereof.

1 BILLS AND NOTES: protest and notice of nonpayment: parties primarily liable.

Mere failure to protest or to give notice of nonpayment did not release the guarantor. He is not an endorser. Barber was an endorser, but his liability for the payment of the note was fixed by certain instruments pleaded in the cross-petition of Hendrix.

From these instruments, it was made to appear that the notes in question were executed by Hendrix to Barber, as a part of an agreement whereby Hendrix purchased shares of corporate stock in a corporation principally owned by Barber, and whereby Barber agreed that Hendrix should be employed as the advertising solicitor of the corporation, at a stated salary. It was further provided therein that option was reserved to each party to terminate the contract at any time, in which event Barber should take back the corporate shares from Hendrix, and should restore to Hendrix the purchase price, including the notes in suit. Within two months, the contract, including the employment of Hendrix, was terminated. Thereafter, a further contract was signed by Hendrix and Barber, wherein these facts were recited, and whereby Barber bound himself to redeem and restore to Hendrix the notes in suit.

By virtue of these instruments, therefore, Barber became primarily liable, as between him and Hendrix, for the payment of these notes. The question, therefore, whether he was liable as a mere endorser is beside the mark.

It is urged for the defendant Bennett that he was not a party to the contract between Barber and Hendrix, and

had no notice thereof, and that he was not bound thereby. Let this be granted. Neither was he in any

**2. BILLS AND NOTES: guarantors: nonprejudicial contracts.**

manner hurt thereby. The point thus raised on behalf of Bennett, if sustained, is not of the slightest benefit to him. The judgment below held him liable only as guarantor. Nor did it give Hendrix recourse over to Bennett. It did give Hendrix recourse over to Barber.

Other grounds of reversal pertain to rulings on evidence. If the ruling of the trial court had been otherwise in each case, it could not have aided the defendants. The material facts which we have already set forth are all undisputed. None of the offered evidence rejected by the court tended in any degree to contradict or qualify the controlling facts above set forth. Indeed, not only are such facts undisputed: they were admitted. The record discloses, in fact, no erroneous ruling at the trial. The judgment was clearly right on the larger merits, and it is—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.