H. W. GRANGER, Appellee, v. FRED GRAEF et al., Appellees; R. W. BROUHARD, Appellant.

**BILLS AND NOTES:** Indorsement—Guaranty With Agreement For Extension. A guarantor of payment of a promissory note who waives demand and consents to renewals and extensions must keep himself informed as to the nonpayment of the paper and protect himself if he can.

Headnote 1: 28 C. J. pp. 984, 989.

*Appeal from Story District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 15, 1927.

Action against makers and guarantor of a promissory note. A demurrer to the answer of the guarantor was sustained, and judgment rendered against him. He appeals.—*Affirmed.*

*Charles H. Hall*, for appellant.

*Bert B. Welty* and *B. M. Soper*, for appellee.

Morling, J.—The note sued on is payable to the order of the appellant, Brouhard. It contains the stipulation that guarantors waive presentment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against any party thereto, and consent that time of payment may be extended from time to time without notice. Appellant sold the note to plaintiff, under written agreement indorsed on the back of it:

"Pay to the order of H. W. Granger, and for value received I hereby guarantee the collection and payment of the within note and consent to any extension of time of payment, or any renewal of this note, and waive demand, protest and nonpayment thereof."

The note was dated March 1, 1915, and due March 1, 1916. It has indorsements of payment of interest yearly from March 1, 1916, to March 1, 1924, inclusive. The answer admits that, except for the matters therein alleged, appellant would be indebted to plaintiff on account of the agreement, and then proceeds to allege that the note fell due March 1, 1916; that plaintiff has at no time made any effort to collect, but has accepted interest from year to year, and let the note continue to run past due; that plaintiff at no time advised defendant that he was letting the note run past due, or that he was neglecting to collect it, and defendant had no knowledge concerning said neglect until a short time before the commencement of the action; that the makers were solvent and able to pay the note, and at different times ready and willing to pay it, notwithstanding which plaintiff continued to accept interest and to neglect collection of principal; that, shortly before the commencement of the action, the makers were insolvent, and, by reason of the plaintiff's neglect to use due diligence, defendant has been damaged in the amount due. Defendant denies that he consented to any extension. Appellant argues that the note is not negotiable. We may, for the purpose of the case, so concede. He next argues that he became liable only on default of the maker; that there was no default, because no demand was made at maturity, but rather permission to let the obligation run past due for eight years. Appellant argues that there were eight extensions, whereas he consented to only one; that the maker expressed his willingness to pay; that plaintiff has slept on his rights, and should bear the loss.

. The appellant guaranteed not merely collection, but. payment. . He waived notice of nonpayment, and consented that time of payment might be extended from time to time without notice. The guaranty was absolute. There is no allegation that appellant was misled, or took or failed to take any action by reason of anything that plaintiff did or failed to do. There was no change in the contract, nor was there, on the facts pleaded, even a renewal or extension. . By the contract the appellant undertook to pay the note, and it was his duty to ascertain whether the note was paid or not, and to take any action that he might deem necessary for his own protection. The answer sets up no legal defense. *Hoyt v. Quint*, 105 Iowa 443; *Citizens St. Bank v. Hendrix*, 187 Iowa 1192.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.