[No. 20590.   Department One.   November 15, 1927.]

JAY K. MACY, *Respondent*, v. INLAND EMPIRE LAND
COMPANY, *Appellant*.[1]

[1] GUARANTY (9, 10)—SCOPE AND EXTENT OF LIABILITY—CONDITIONS.
A written instrument which "guarantees the collection" of the
principal sum mentioned in a bond, is a guaranty of collection,
and not of payment, and no liability is incurred capable of
judgment until after the guarantee, by use of due and reason-
able diligence, has become unable to collect from the principal
debtor.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered December 7,
1926, upon findings in favor of the plaintiff, in an
action on contract, tried to the court.   Reversed.

*F. A. McMaster* and *Pettijohn & McCallum*, for ap-
pellant.

*Corbin & Easton,* for respondent.

MITCHELL, J.—Stephen F. Smith and wife executed
and delivered to the Inland Empire Land Company
a promissory note secured by a mortgage on real prop-
erty in Lincoln county.   The Inland Empire Land
Company duly assigned and delivered the note and
mortgage to one Henry Neeb, and at the same time
and as a part of the same transaction, executed and
delivered to him its written obligation which, for the
purposes of this case, reads:

"For value received, The Inland Empire Land
Company, of Spokane, Washington, hereby assigns to
...................................................and guarantees the collection of
the principal sum mentioned in the within bond (No.
501 Dated Sept. 28th, 1916, Due Oct. 1st, 1921, ex-
ecuted by Stephen F. Smith and Nora F. Smith for
$600.00) within two years after the maturity thereof,
and the payment of interest thereon until said ma-
turity, according to the terms of said bond and interest

[1]Reported in 260 Pac. 1073.

coupons annexed thereto, and the payment of-interest after maturity at the rate of six per cent per annum, payable annually until said principal sum is fully paid, this guarantee is to inure to the benefit of any legal holder hereof.''

Thereafter, by several assignments, Jay K. Macy became the owner and holder of the note and mortgage, and of the guaranty obligation of the land company. He brought suit for judgment on the note against the makers, and for the foreclosure of the mortgage, and also for judgment against the Inland Empire Land Company on its written guaranty. The guarantor, appearing, objected to any judgment against it, but the court, nevertheless, entered a present judgment against the guarantor, from which it has appealed.

[1] Clearly the guaranty is not one of payment but merely of collection. There is a well defined difference between the two. In the first, liability of the guarantor becomes fixed by the failure of the principal debtor to pay at maturity, or at the time payment was guaranteed—an absolute guaranty. In the second, no liability is incurred capable of judgment until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor. Daniel on Negotiable Instruments, § 1769, as quoted in *Hanna v. Savage*, 7 Wash. 414, 35 Pac. 127, 36 Pac. 269; *Ohio Electric Car Co. v. Le Sage*, 182 Cal. 450, 188 Pac. 982; *Burton v. Dewey*, 4 Kan. App. 589, 46 Pac. 325; *Galbraith v. Shores-Mueller Co.*, 178 Ky. 688, 199 S. W. 779; *Jenkins v. Wilkinson*, 107 N. C. 707, 12 S. E. 630; 12 R. C. L., Guaranty, § 43, p. 1090; 28 C. J., Guaranty, § 97, pp. 950-1, and § 123, p. 970.

The money judgment against the Inland Empire Land Company appealed from is reversed, and the

cause is remanded to the superior court with directions to cancel that portion of the judgment.

MACKINTOSH, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.