**KEYSTONE ACCEPTANCE CORPORATION, a Pennsylvania Corporation, Appellant,**

v.

**DYNALECTRON CORPORATION et al.**

No. 24129.

United States Court of Appeals, District of Columbia Circuit.

Argued March 12, 1971.

Decided May 14, 1971.

Petition for Rehearing Denied June 24, 1971.

Mr. Joseph W. Kiernan, Washington, D. C., for appellant.

Mr. Murdaugh Stuart Madden, Washington, D. C., with whom Mr. Leslie A. Nicholson, Jr., Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

The question before us is whether under Florida law a creditor is barred from recovery on a guaranty because it refused to render certain assistance which the guarantor needed to fulfill its promise. The trial judge entered judgment for the guarantor. We affirm.

The operative facts are these. The creditor, predecessor in interest to Keystone, sold two airplanes (on which it took back notes and mortgages) and leased a third (with an option to buy) to an Argentine airline, Transcontinental S.A. The guarantor, predecessor in interest to Dynalectron, agreed unconditionally to return each plane to the creditor within 90 days of notice of default, or, failing that, "to bring current [the] indebtedness, including interest, and to make payment of said indebtedness as due thereafter. * * *" Eventually Transcontinental S.A. defaulted, and the guarantor was notified. The guarantor then requested certain formal assistance without which, under Argentine law, it could not fulfill its promise to return the planes. The creditor steadfastly refused to help, and when the 90 day period lapsed, demanded payment. The guarantor refused.

Keystone claims that under Florida law, which all parties agree governs, a creditor has no obligation to render any assistance to a guarantor whose promise, by its terms, is unconditional. Keystone relies on Fegley v. Jennings, 44 Fla. 203,

32 So. 873 (1902). But that case stands simply for the proposition that the guarantor must fulfill his promise even though the creditor could have mitigated the loss by foreclosing himself against the debtor. *See also* Restatement of Security § 130. The guarantor in *Fegley* obviously needed no assistance or cooperation from the creditor to perform his promise to pay the amount of the note the debtor had failed to pay. Here, on the other hand, the trial judge found that the guarantor did need the assistance of the creditor to fulfill his promise to return the airplanes.

The Florida rule, like the general contracts rule, *see* 6 Corbin, Contracts § 1264; Restatement of Contracts § 395, comment (c), seems to be that "if the situation is such that the cooperation of one party is a prerequisite to performance by the other, there is not only a condition implied in fact qualifying the promise of the latter, but also an implied promise by the former to give the necessary co-operation." 7 Florida Jurisprudence, Contracts § 145 (1956). *See* Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939); Continental Casualty Co. v. Reddick, 196 So.2d 239 (Fla.App.1967). This is precisely the rule the trial judge properly applied in holding:

> [The creditor] had a duty to cooperate with and assist [the guarantor] to effect the return of the three aircraft to the United States by executing such papers and documents required by Argentine law to enable the aircraft to be removed and which could only be executed by the [creditor] and the failure and refusal of [the creditor] to render such assistance to [the guarantor] constituted a breach of the guaranty agreement on [its] part and relieved [the guarantor] from any duties that it had under the contracts to either return the aircraft or to pay the balance due on the installments of the contracts in question.

Accordingly, the judgment is

Affirmed.