**DYNALECTRON CORPORATION**

v.

**The UNITED STATES.**

No. 230–75.

United States Court of Claims.

Dec. 15, 1976.

David L. Reichardt, McLean, Va., attorney of record, for plaintiff.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

Before SKELTON, NICHOLS and KUNZIG, Judges.

SKELTON, Judge.

In this case the plaintiff, Dynalectron Corporation, seeks review under the Wunderlich Act (41 U.S.C. §§ 321, 322) of an adverse decision of the Armed Services Board of Contract Appeals (the Board or ASBCA) in ASBCA No. 16895. Plaintiff contends that the decision of the Board contains both errors of law and findings of fact which are arbitrary, capricious, and not supported by substantial evidence. Defendant says that the decision complies with the Wunderlich Act both as to the law and the facts and should be upheld. The case is before us on cross-motions for summary judgment. After carefully considering the pleadings, briefs, and oral argument of the parties and the record, we conclude that the decision of the Board is correct and should be affirmed.

The facts show that plaintiff was awarded two cost plus award fee contracts, No. DA–29–040–AMC–1505(5) (Contract 1505) for $15,722,796 and No. DAAD07–69–C–0032 (Contract 0032) for $37,046,082, in 1965 and 1969, respectively, by the Government for furnishing missile tracking and various other support services at the Army's White Sands Missile Range, New Mexico. These contracts contained a general provision entitled "Allowable cost, Fixed Fee and Payment," ASPR 7–203.4(a) (Sept. 1962).[1] Subparagraph (a)(i) of that clause provided for reimbursement of costs in accordance with the terms of the contract and the provisions of Part 2 of Section XV of ASPR. ASPR 15–201.2 states that among the factors affecting allowability of costs are (1) reasonableness, (2) allocability, (3) application of generally accepted accounting principles appropriate to the particular circumstances,

---

1. Armed Services Procurement Regulation.

and (4) any limitations or exclusions set forth in Part 2 of ASPR or otherwise included in the contract.

The section of ASPR that controls the decision of this case is Section XV, Part 2, which provides in pertinent part as follows:

15–201.4 Definition of Allocability. A cost is allocable if it is assignable or chargeable to a particular cost objective such as a contract, product, product line, process, or class of customer or activity, in accordance with the relative benefits received or other equitable relationship. Subject to the foregoing, a cost is allocable to a Government contract if it—

(i) is incurred specifically for the contract;

(ii) benefits both the contract and other work, or both Government work and other work, and can be distributed to them in reasonable proportion to the benefits received; or

(iii) is necessary to the overall operation of the business, although a direct relationship to any particular cost objective cannot be shown.

15–202 Direct Costs.

(a) A direct cost is any cost which can be identified specifically with a particular cost objective. Direct costs are not limited to items which are incorporated in the end product as material or labor. Costs identified specifically with the contract are direct costs of the contract and are to be charged directly thereto. Costs identified specifically with other work of the contractor are direct costs of that work and are not to be charged to the contract directly or indirectly. When items ordinarily chargeable as indirect costs are charged to Government work as direct costs, the cost of like items applicable to other work of the contractor must be eliminated from indirect costs allocated to Government work.

(b) This definition shall be applied to all items of cost of significant amount unless the contractor demonstrates that the application of any different current practice achieves substantially the same results. Direct cost items of minor amount may be distributed as indirect costs as provided in 15–203.

15–203 Indirect Costs.

(a) An indirect cost is one which, because of its incurrence for common or joint objectives, is not readily subject to treatment as a direct cost. Minor direct cost items may be considered to be indirect costs for reasons of practicality. After direct costs have been determined and charged directly to the contract or other work as appropriate, indirect costs are those remaining to be allocated to the several classes of work.

Plaintiff sues to collect a portion of $64,646 which it had paid for outside legal expenses in defending itself in a suit arising out of a commercial venture not connected with the contracts described above, which legal fees it had charged to its general and administrative expenses (G&A) of its entire business, including the above contracts. Under this procedure, plaintiff sought to require the Government to pay an allocable part of such expenses. The Government refused to pay any part of these legal fees, saying that they had nothing to do with the Government contracts and were not a proper G&A charge on the contracts.

Plaintiff became obligated to pay these legal fees in the following manner, which is described in the opinion of the D.C. Circuit Court in *Keystone Acceptance Corp. v. Dynalectron Corp.,* 144 U.S.App.D.C. 253, 445 F.2d 729 (1971). A creditor, who was a predecessor in interest to *Keystone,* sold three airplanes to an Argentine airline, retaining a mortgage for the unpaid purchase price. The predecessor in interest to Dynalectron guaranteed that in the event of default by the purchaser, the guarantor would either return the airplanes to the creditor or pay the remaining debt. The purchaser defaulted and Keystone sued Dynalectron on its guaranty for $400,000. Dynalectron employed attorneys and defended the suit on the ground that Keystone had refused to sign the necessary papers to get the planes out of Argentina, which was a breach of the guaranty agreement. The court decided in favor of Dynalectron. The

fee paid by Dynalectron to its attorneys for defending the suit is the amount in dispute here.

The plaintiff argues that the attorney fee is an indirect cost that it should be allowed to charge as a G&A expense because the defense of the lawsuit was necessary to protect its assets and this benefited the Government by allowing the plaintiff to complete the contracts instead of going out of business. We do not agree. The alleged benefit to the Government is far too remote and speculative to be relevant. We do not think there was any benefit to the Government. The facts here are distinguishable from those in our opinion in *Lockheed Aircraft Corp. v. United States*, 375 F.2d 786, 179 Ct.Cl. 545 (1967) where we held that personal property taxes paid by Lockheed benefited the Government contracts involved in that case and could be allocated as costs to the contracts, because of the community services furnished with the tax money, which was beneficial to Lockheed in performing the contracts.

The Board held, and defendant contends here, that the above ASPR provisions are decisive against the plaintiff, and we agree. The costs in dispute are not allocable to the Government contracts under subparagraph (i) of ASPR 15–201.4 because they were not incurred specifically for the contracts. They are not allocable to the contracts under subparagraph (ii) because they did not benefit the contracts; and they are not allocable to the contracts under subparagraph (iii) because they were not necessary to the overall operation of the business, but had a direct relationship to a particular cost objective, namely, the commercial guaranty venture.

The costs in question cannot be allocated to the Government contracts under ASPR 15–203(a) as an indirect cost because they were not incurred for common or joint objectives.

Finally, ASPR 15–202(a) defines a direct cost as follows:

A direct cost is any cost which can be identified specifically with a particular cost objective.

It is clear that the costs involved here were "identified specifically" with the plaintiff's commercial venture and consequently were direct costs of that undertaking. The Board correctly decided that these legal fees were direct costs of plaintiff's commercial business and must be charged to such commercial ventures and could not be charged to the Government contracts. The Board said:

* * * [T]hese legal costs * * * clearly fall within the definition of direct costs, chargeable either to the cost objective of the commercial guaranty contract out of which they directly arose or appellant's commercial business generally. This result is consistent with our decision in *Hastings-Raydist, Inc.*, ASBCA No. 4480, 59–2 BCA ¶ 2423, in which we held the cost of successfully defending a lawsuit arising out of the contractor's commercial work was not allocable to Government contracts.

Plaintiff cites the case of *TRW Systems Group of TRW, Inc.*, ASBCA No. 11499, 68–2 BCA ¶ 7117 in support of its argument that the legal fees in the instant case are indirect costs and can be allocated to the Government contracts. That case is distinguishable on the facts from our case. There the Board allowed expenses of a patent program, including filing and prosecution of patents, to be allocated indirectly to Government contracts. However, the facts showed that the contractor had no commercial business and was engaged solely in research and development in the space and aerospace fields for the Government. The Board held that the costs of the patent work benefited the Government. There is no such benefit to the Government in the instant case.

Plaintiff cites the case of *Hayes International Corp.*, ASBCA No. 18447, 75–1 BCA ¶ 11076 as support for allowing legal expenses to be charged as indirect costs. That case is also distinguishable from our case. There the contractor was sued for racial discrimination of its employees. The contractor had cost reimbursable contracts with the Government. The Board held that

the legal fees could be charged as indirect costs to the Government contracts, as there was no showing that the employees had worked only on commercial contracts. There appeared to be a relationship between the complaint of the employees and the performance of the Government contracts. The legal fees, accordingly, were proper indirect costs of the Government contracts under ASPR 15–201.4(iii). There is no such relationship between the legal fees and the Government contracts in the instant case.

Finally, plaintiff cites the recent case of *Hirsch Tyler Co.,* ASBCA No. 20962, 76–2 BCA ¶ 12075 in support of its claim. That case is of no help to the plaintiff. In that case the contractor had a cost-reimbursement contract with the Government. During the performance the contractor was sued by an employee for sex discrimination and recovered a judgment for back pay. The question involved was whether or not the legal fees in defending the suit could be allocated as costs of the Government contract. The Board held that the costs were direct costs of the performance of the contract within the meaning of ASPR 15–202 and were allocable to the contract under ASPR 15–201.4. It is clear that in that case the costs arose out of the Government contract and had a direct relationship to the contract. There are no such facts in our case.

Plaintiff has failed to show that the legal fees had any relationship whatever to the Government contracts or their performance. Without such a relationship, the costs cannot properly be charged as direct costs or as indirect costs as a part of the G&A costs of the contractor in its performance of the Government contracts.

We conclude that the decision of the Board was neither arbitrary nor capricious, and is supported by substantial evidence. Furthermore, we find no error of law in the Board's decision.

The decision of the Board is affirmed. Plaintiff's motion for summary judgment is denied, defendant's cross-motion is granted, and plaintiff's petition is dismissed.