## HELEN M. ROBERTS v. LEWIS E. HAWKINS.

*Promissory notes—Guaranty of payment—Notice—Discharge.*

A guaranty of payment of a promissory note is an *absolute* under-
taking on the part of the guarantor for such payment, who can-
not demand any diligence on the part of the holder to collect the
note of the payor, or notice from him of its non-payment.

Error to superior court of Grand Rapids. (Burlingame,
J.)   Argued May 18, 1888.   Decided June 8, 1888.

*Assumpsit.*   Defendant brings error.   Affirmed.   The
facts are stated in the opinion.

*Norris & Norris,* for appellant.

*J. C. Fitz Gerald (Charles Chandler,* of counsel), for
plaintiff.

[The points of counsel are fully stated in the opinion,
which is so conclusive of the decisive question in the case
that a summary of the briefs of counsel is omitted.—
REPORTER.]

LONG, J.   January 12, 1884, one Lyman D. Follett made
his promissory note as follows:

   "$1,000.        GRAND RAPIDS, MICH., January 12, 1884.
   "One year after date, I promise to pay to the order of
Helen M. Roberts one thousand dollars, with interest at eight
per cent. per annum.   Value received.
                                    "LYMAN D. FOLLETT."

And defendant signed an indorsement on the back thereof,
as follows:

   "For value received, I hereby guarantee the payment of
the within note.                        L. E. HAWKINS."

On the delivery of this note to plaintiff, she paid Follett $1,000. January 8, 1885, seven days before this note became due, Follett paid one year's interest; and neither at that time, nor at the maturity of the note, was the same presented to Follett or defendant for payment. No notice of non-payment was given defendant then or at any time prior to June 8, 1887. January 15, 1886, Follett paid the interest for the next year, and January 17, 1887, for the year following. About June 8, 1887, the note being then two years and five months overdue, it was first presented to defendant, and payment demanded and refused. August 13 this suit was brought.

On the trial, plaintiff, having proved the note and guaranty, and its non-payment, rested. Defendant then sought to make his defense as pleaded, and offered to show—

1. That he was an accommodation guarantor, without consideration or security.

2. That, at or about the maturity of the note, he inquired of the maker of the note if it was paid, and was told it was.

3. That neither at the maturity of the note, nor at any subsequent time, prior to June 8, 1887, was any notice of the non-payment of this note given to defendant, nor any demand made on him for the payment thereof.

4. That at the maturity of this note, and for some considerable time thereafter,—at least a year,—Follett, the maker of the note, was solvent, and had property out of which defendant could have procured him to pay the note or obtained security.

5. That when defendant, on June 8, 1887, learned of the non-payment of this note, the maker was insolvent, out of the jurisdiction, and that he could then obtain no security or payment.

The court directed a general verdict for plaintiff on all the counts of the declaration. Judgment being entered on the verdict in favor of plaintiff for the amount of the note and interest, defendant brings the case into this Court by writ of error.

The declaration contains three counts. The first alleges

the guaranty, demand of the maker at maturity, non-payment, and notice of said demand and non-payment to defendant at maturity.

The second alleges the guaranty, the refusal by maker to pay at maturity, and notice to defendant, at maturity, of maker's refusal.

The third is the common counts in *assumpsit*, with copy of note annexed, and an alleged indorsement on back of L. E. Hawkins, without any guaranty over it.

The plea is the general issue, with notice of the defense of release by plaintiff's failure to give notice of non-payment to defendant, and the consequent damage and loss to him thereby.

It is claimed that the court erred in receiving the note and guaranty in evidence under the third count in plaintiff's declaration, for the reason that the note and guaranty offered were not the note and guaranty set forth in that count; that the contract set out in plaintiff's third count was that defendant had indorsed his name in blank on the back of the note, not payable to his order; and that this would make him a maker of the note, and liable as such, while the note offered had a guaranty of payment indorsed thereon. Defendant claimed that this was a variance, and that the court should have excluded the guaranty under this third count, and confined the verdict to a recovery under the first two counts.

As we view the case, however, this objection has no force. The plaintiff being entitled to recover under the first and second counts of the declaration, the defendant was not prejudiced in the course taken by the court in not withdrawing all consideration of the case under the third count. The declaration was sufficient in the first two counts to allow a recovery thereunder.

The chief error complained of is the exclusion of the entire defense, and the direction of a verdict for plaintiff. On the

trial the plaintiff proved by a witness the application for the loan, the loaning of the money, the giving of the note and guaranty, and, after reading the note and guaranty in evidence, rested. The defendant was then called and sworn as a witness in his own behalf, and was asked by his counsel:

"*Q.* When that note became due, in January, 1885,—January 15,—was any notice given you of the fact that it remained unpaid?"

To this question counsel for plaintiff objected, that the same was irrelevant and immaterial; that the defendant was not an indorser nor guarantor of collection, but of payment of the note.

Counsel for the defendant then offered to show by the witness that he had no notice of the non-payment of the note prior to June 8, 1887; that he was an accommodation guarantor without security; that, at or near the maturity of the note, he inquired of the maker, and was informed that it was paid; that, at the time, the maker of the note was solvent, and for some considerable time thereafter,—probably a year,—and that the defendant could, if he had any knowledge of its non-payment, have secured himself, or procured the maker to pay it; that, when the defendant learned of the non-payment of the note, the maker was insolvent, and out of the State, and no security could have been obtained by the defendant; the counsel then saying—

"That this, of course, is the line of defense marked out by the notice in the pleadings. It is all covered by my brother's argument; and, if we have no right to show that defense, then, of course, there remains nothing but for the court to direct a verdict for the amount of the note, and interest."

The court sustained the objection, and directed a verdict for plaintiff.

In considering the case, the defendant's offer to prove this state of facts must be taken as true. *Clay, etc., Ins. Co. v.*

*Manufacturing Co.*, 31 Mich. 356.   Under this offer by the
defendant, the issue is made:  Is a person not being a party
to a promissory note, who at its date and before delivery, and
for the purpose of having a loan made upon the strength of
his guaranty, guarantees the payment of such note, liable
thereon in case the note is not paid at maturity, without
notice of non-payment having been given to him by the
holder at the maturity of the note, or within a reasonable
time thereafter; or in case notice is not given, and no pro-
ceedings taken to collect the note from the maker, and the
maker of the note, at the maturity thereof, was solvent, and
subsequently, and before suit is brought on the guaranty,
becomes insolvent, can such guarantor, when such action is
brought against him, set up such insolvency as a defense?
The defense being based on plaintiff's laches in not giving
notice to defendant of the non-payment of this note at
maturity, and the consequent damage to defendant thereby,
the correctness of the court's ruling depends on whether or
not there rested on the plaintiff the duty to give such notice
under any circumstances.

The defendant claims that his liability existed only on the
happening of a contingency and the performance of a condi-
tion; that whether or not that contingency happened, or con-
dition was performed, was matter peculiarly within the
knowledge of the plaintiff, and not within his own; and that,
if plaintiff intended to assert the performance of the condi-
tion, or the happening of the contingency, whereby alone
defendant was to become liable, it was her duty to do so
within a reasonable time, and, in any event, before the maker
of the note became insolvent and a fugitive; that her neglect
to do so, and the damage to him thereby, has released him
from the obligation of his conditional contract.

The position, however, of a guarantor of payment, as
between him and the maker of the note, is that of a surety
It is a common-law contract, and not a contract known to the

law-merchant. It is an absolute promise to pay if the maker does not pay, and the right of action accrues against the guarantor at the moment the maker fails to pay. The guarantor would not be discharged by any neglect or even refusal on the part of the holder of the note to prosecute the principal, even if the maker was solvent at the maturity of the note, and subsequently became insolvent; and the fact that no notice of non-payment was given the guarantor at the maturity of the note, or at any time before bringing suit, would not affect the rights of the holder of the note against the guarantor. The guarantor's remedy was to have paid the note, and taken it up, and himself proceeded against the maker.

A guaranty is held to be a contract by which one person is bound to another for the due fulfillment of a promise or engagement of a third party. 2 Pars. Cont. 3.

The contract or undertaking of a surety is a contract by one person to be answerable for the payment of some debt, or the performance of some act or duty, in case of the failure of another person who is himself primarily responsible for the payment of such debt or the performance of the act or duty. 3 Add. Cont. § 1111; 3 Kent, Comm. 121; *Wright v. Simpson*, 6 Ves. 734.

In the case of *Pain v. Packard*, 13 Johns. 174 (decided in 1816), it was held that if the surety call upon the creditor to collect the debt of the principal, and he disregard that request, and thereby the surety is injured, as by the subsequent insolvency of the principal, the surety was thereby discharged. A directly contrary decision was given by Chancellor Kent, upon argument and full consideration, the following year. *King v. Baldwin*, 2 Johns. Ch. 554. Two years later the last decision was reversed by the court of errors by casting vote of the presiding officer, a layman, and against the opinion of the majority of the judges. *King v. Baldwin*, 17 Johns. 384.

In the case of *Brown v. Curtiss,* 2 N. Y. 226 (decided in 1849), the action was brought against the guarantor of a promissory note. On the trial it was admitted that there had been no demand of the maker, nor any notice of non-payment, and the note was dated April 2, 1838, and payable six months after the date. The suit was brought against the guarantor in September, 1845. The defendant offered to prove that, from the time the note fell due until the latter part of 1843, the maker was able to pay the note; that he then failed, and was insolvent at the time of the commencement of the suit, and still remained so. This evidence was objected to, and excluded, and verdict directed for plaintiff. The court (at p. 227) says:

"The undertaking of the defendant was not conditional, like that of an indorser; nor was it upon any condition whatever. It was an absolute agreement that the note should be paid by the maker at maturity. When the maker failed to pay, the defendant's contract was broken, and the plaintiff had a complete right of action against him. It was no part of the agreement that the plaintiff should give notice of the non-payment; nor that he should sue the maker, or use any diligence to get the money from him.     *     *     *     Proof that when the note became due, and for several years afterwards, the maker was abundantly able to pay, and that he had since become insolvent, would be no answer to this action. The defendant was under an absolute agreement to see that the maker paid the note at maturity.     *     *     *     *     *

"If the defendant wished to have him sued, he should have taken up the note, and brought the suit himself. The plaintiff was under no obligation to institute legal proceedings."

The weight of authority, both in this country and in England, sustains this doctrine, and we think with much good reason. *Bellows v. Lovell,* 5 Pick. 310; *Davis v. Huggins,* 3 N. H. 231; *Page v. Webster,* 15 Me. 249; *Dennis v. Rider,* 2 McLean, 451.

In *Train v. Jones,* 11 Vt. 446, it is said:

"An absolute guaranty that the debt of a third person

shall be paid, or that *he* shall pay it, imposes the same obligation upon the guarantor. In either case, it is an absolute guaranty of the sum stipulated, and the creditor is not bound to use diligence, or to give reasonable notice of non-payment." *Noyes v. Nichols*, 28 Vt. 174.

In *Bloom v. Warder*, 13 Neb. 478 (14 N. W. Rep. 396), which was an action against the guarantors of payment of a promissory note, the court says:

" This is an absolute contract, for a lawful consideration, that the money expressed in the note shall be paid at maturity thereof at all events, and depends in no degree upon a demand of payment of the maker of the note, or any diligence on the part of the holder."

Mere passiveness on the part of the holder will not release the guarantor, even if the maker of the note was solvent at its maturity, and thereafter became insolvent. *Breed v. Hillhouse*, 7 Conn. 528; *Bank v. Hopson*, 53 Conn. 454 (5 Atl. Rep. 601); *Foster v. Tolleson*, 13 Rich. Law, 33; *Machine Co. v. Jones*, 61 Mo. 409; *Barker v. Scudder*, 56 Id. 276; *Norton v. Eastman*, 4 Greenl. 521; *Brown v. Curtiss*, 2 N. Y. 225; *Allen v. Rightmere*, 20 Johns. 365; *Bank v. Sinclair*, 60 N. H. 100; *Gage v. Bank*, 79 Ill. 62; *Hungerford v. O'Brien*, 37 Minn. 306 (34 N. W. Rep. 161).

It follows that, this being an absolute undertaking on the part of the defendant as guarantor to pay the amount of this note at maturity in the event of the default of payment by the principal, the guarantor could not demand any diligence on the part of the holder of the note to collect the same from the principal. It was his duty to perform his contract,— that is, to pay the note upon default of the principal; and it is no answer for him to say that the principal was solvent at the maturity of the note, and that the same could then have been collected. of him by the holder, and that he has since become insolvent. If he wished to protect himself against loss, he should have kept his engagement with the holder of the note, paid it upon default of the principal, taken up the

note, and himself prosecuted the party for whose faithful performance of the contract he became liable.

The court properly directed the verdict for the plaintiff; and the judgment of the court below must be affirmed, with costs.

The other Justices concurred.