### SOMERVILLE v. STEVENSON.

1. PRINCIPAL AND SURETY — ACTION ON BOND — THAT SECURITIES WERE ADVANCED INSTEAD OF CASH No DEFENSE.

In an action on a bond given for the purpose of securing the repayment of certain moneys loaned by plaintiff, that the advancement was in securities which the borrower said he could use as well as money, *held*, no defense.

2. SAME—THAT BORROWER FAILED TO DEPOSIT SECURITY NO DEFENSE.

Where the only condition in the bond that would make it void is the repayment of the money, the fact that the borrower failed to deposit with a certain bank certain securities for the benefit of the signers of the bond as he agreed therein to do, *held*, no defense, even if plaintiff knew of such fact and failed to inform defendants, where it is conceded that the money has never been repaid.

Error to Gratiot; Moinet (Edward J.), J.    Sub-

mitted June 15, 1923.     (Docket No. 81.)     Decided
July 19, 1923.

Assumpsit by T. S. Somerville against David Steven-
son and others upon a bond and an extension thereof.
Judgment for plaintiff on a directed verdict.     De-
fendants bring error.     Affirmed.

*Mathews & Montigel* (*Searl & Searl,* of counsel), for
appellants.

*O. G. Tuttle,* for appellee.

MOORE, J.     Plaintiff brought this suit on a bond
and on an extension thereof, given for the purpose of
securing the repayment of the sum of $20,000 loaned
by plaintiff to one George L. Jessup as evidenced
by two certain promissory notes.     The suit was
contested by David Stevenson, W. D. Dillsworth, and
Frank Jessup.     At the close of the testimony motions
to direct a verdict were made on both sides.     The
court overruled the motion of defendants' counsel, and
granted the motion of plaintiff's counsel.     Verdict
and judgment resulted accordingly.     The case is
brought to this court by writ of error.

The two papers involved read as follows:

"Know all men by these presents, that whereas
George L. Jessup of the village of Pompeii, Michigan,
is desirous of procuring or obtaining the sum of
$20,000 for the use in the business of operating an
elevator in the said village of Pompeii and for that
purpose has obtained promises and is about to con-
summate a transaction with T. S. Somerville of Ithaca,
Mich., to procure said sum of money and for the
purpose of securing the repayment of the same has
agreed to indemnify the said Somerville by the giving
of this bond and has further agreed to indemnify the
said Somerville and the persons signing this instru-
ment by the deposit of certain notes, land contracts
and mortgages as hereinafter described;

"Now therefore this instrument witnesseth, that the said George L. Jessup, as principal and Chas. H. Jessup of Ithaca, W. B. Dillsworth, David Stevenson and Frank A. Jessup as sureties are held and firmly bound unto the said Somerville in the penal sum of twenty-five thousand ($25,000) dollars lawful money of the United States of America, to which payment well and truly to be made we bind ourselves, our heirs, executors, administrators and assigns firmly and securely by these presents.

"Witness our hands and seals at Pompeii, Michigan, this first day of November, A. D. 1916.

"Now the condition of this obligation is such that if the said George L. Jessup shall well and truly pay the said Somerville the principal of this bond, the full and just sum of twenty thousand ($20,000) dollars with the interest thereon and all other lawful fees and charges connected with this transaction, which indebtedness is evidenced by two certain promissory notes of even date with the date of this bond copies of which are attached hereto, then this obligation to be void; otherwise the same shall be and remain in full force and effect."

Reference is made to said note for the terms and conditions of repayment.

"And the said George L. Jessup for the further securing of the repayment of the said sum of twenty thousand dollars and the interest thereon and charges as aforesaid and for the purpose of likewise securing the persons who become sureties upon this bond has deposited with the People's State Bank of the village of Middleton the following described mortgages, land contracts and notes."

Then follows descriptions of the mortgages, contracts and notes.    Continuing, the bond reads:

"The aforesaid notes of the said F. M. Hendrick are secured by a certain chattel mortgage covering crops, stock, etc., to which reference is made.

"And the said George L. Jessup does hereby sell, assign, transfer and set over the aforesaid notes, mortgages, land contracts to the said Somerville, principal beneficiary under this bond and to the said

sureties hereon, each in the order to which they shall be entitled to enforce the same in case of the default of the said principal in the payment of the said note to the said Somerville.

"The aforesaid described notes and securities shall be left with the People's State Bank, Middleton, for collection where the same are made payable, and the condition of the said deposit for collection is such that in case of nonpayment of said notes at maturity the said bank may in its judgment delay collection, extend payment or otherwise deal with the same as its own, until default shall be made in the payment of the said principal note of the said Jessup to the said Somerville without in any manner creating any liability on its part in the premises; the amount collected by said bank on said securities to be held as security for said obligation in like manner as the notes and instruments so deposited unless a written instrument in writing signed by the parties in interest filed with said bank shall otherwise order or direct.

"In witness whereof we hereunto set our hands at the place and on the date first above written.   In triplicate.

"GEO. L. JESSUP,<br>
"CHAS. H. JESSUP,<br>
"W. B. DILLSWORTH,<br>
"DAVID STEVENSON,<br>
"FRANK A. JESSUP.

"Signed in the presence of:
  "FRED HERSCHKE,
  "GEO. L. JESSUP."

"For a valuable consideration the receipt of which is hereby acknowledged, we, Charles H. Jessup, W. B. Dillsworth, David Stevenson and Frank A. Jessup, sureties and guarantors in that certain bond dated November 1, 1916, in the sum of twenty thousand dollars given by George L. Jessup to T. S. Somerville, do hereby request that the said T. S. Somerville to give the said George L. Jessup such further time as he may request for the payment of the said several sums secured by said bond and we and each of us hereby promise, covenant and agree that our obligation and liability upon said bond shall be and remain the same as when the same was originally given.

"A copy of said bond is attached hereto.

"Dated this 16th day of January, A. D. 1919.

                    "CHAS. H. JESSUP,        (L. S.)
                    "DAVID STEVENSON,        (L. S.)
                    "FRANK JESSUP,           (L. S.)
                    "W. B. DILLSWORTH.       (L. S.)"

The claimed defense of the appellants is

(1) Mr. Somerville did not let George L. Jessup have $20,000 in money, but turned over to him mortgages.

(2) That George L. Jessup did not leave the mortgages, contracts and notes mentioned in the bond with the bank as stated in the bond.

(3) That when exhibit C was signed Mr. Somerville knew that the mortgages, contracts, and notes had not been left with the bank, and did not inform the defendants of that fact.

The case was argued orally and we have able briefs discussing in detail the law in relation to suretyship and guaranty, but in our view of the case the questions involved are simple.

It will be noted that Mr. Somerville did not agree to give to George L. Jessup $20,000 in cash, and the record shows he delivered securities that Mr. Jessup said he could use as well as the cash. It will be further noted that Mr. Somerville did not sign either of the papers, nor did he agree to extend the time of payment. It will also be noted that the only condition in the bond that would make it void is that George L. Jessup will pay the $20,000 mentioned therein.

It is agreed by all the parties that the debt has not been paid as agreed. We think the trial court was right in directing the verdict as he did. See *Roberts* v. *Hawkins*, 70 Mich. 566; 12 R. C. L. p. 1064.

The judgment is affirmed, with costs.

WIEST, C. J., and MCDONALD, CLARK, BIRD, and SHARPE, JJ., concurred. FELLOWS and STEERE, JJ., did not sit.