J. P. COCHRANE, Liquidator, v. TOWN OF BOCA RATON.

150 So. 611.
Division B.
Opinion Filed October 3, 1933.
Rehearing Denied November 2, 1933.

*Wideman, Wideman & Wardlaw,* for Plaintiff in Error;
*Metcalf, Hiatt & Finch,* for Defendant in Error.

BROWN, J.—This action was brought by the plaintiff in error as liquidator of the Farmers Bank & Trust Company, a defunct banking corporation. The declaration contained five counts, the second count of which sets out in greatest detail the facts involved, which are substantially as follows:

On the 17th day of March, 1927, for value received, the Town of Boca Raton executed, issued, sold and delivered to one Clint Moore, pursuant to authority of Section 1906, Revised General Statutes of Florida, 1920 (Section 3016, C. G. L., 1927), and pursuant to ordinance enacted by the then duly elected, qualified and lawfully acting Commissioners of the Town of Boca Raton, certain certificates of indebtedness. These certificates bore the numbers 1046, 1057, 1069, 1198 and 1209, and the respective principal amounts of $1,352.18, $1,352.18, $1,352.18, $1,349.96 and $1,349.96. Each of these several certificates of indebtedness was payable in five (5) annual installments, beginning March 17th, 1928. The place of payment fixed in the certificates was the office of the Town Clerk of the Town of Boca Raton. Each of the said certificates bore interest payable at the rate of 8 per cent per annum. Each of the several certificates certified that the Town of Boca Raton had assessed the cost of certain paving and grading improvements against the several lots, pieces and parcels of land situate and being within the corporate limits of said Town, and abutting against the streets improved.

The said certificates, and each of them, contained the provision that "the payment of this certificate and the interest thereon to date of actual payment by the property owners is guaranteed by said town of Boca Raton, Florida, and in case of non-payment of any interest or principal on or before maturity by the property owner, said payment shall be redeemed by the said Town at the option of the holder thereof." Each and every of said certificates also provided that in the event of non-payment of any installment of interest or principal, it would become optional for the Town of Boca Raton, or the holder of said certificates, to consider the whole sum expressed in the said certificates as immediately due and payable, with interest to such date.

The declaration further shows that the certificates of indebtedness sued upon were issued by the Town of Boca Raton and delivered to said Clint Moore in payment for certain street paving and grading improvements; that they were sold, assigned and delivered by Moore to the McMahon Construction Company, and by said construction company to the bank, and that the plaintiff in due course became the owner and holder of said certificates; that these transfers were for a valuable consideration. The declaration further alleges default in payment of the principal and interest on the first two certificates when they fell due, as well as in the payment of interest on the entire principal indebtedness, and that by reason of said defaults plaintiff, as owner and holder of said certificates, exercised his option to consider the whole of said sum expressed in the several certificates as immediately due and payable with interest to the said date, and brought this action at law against the Town of Boca Raton to recover on the said several certificates.

The defendant filed a general demurrer to the declaration

in its entirety, questioning the sufficiency of the allegations as to the authority under which the certificates were issued. By stipulation, certified copies of the resolution and ordinance referring to the issuance of the certificates were made a part of the declaration, which, we think, in spite of some slight ambiguities, are entirely sufficient to show that the certificates were issued by the town under and pursuant to Section 1906, R. G. S., being Section 3016, C. G. L., as alleged in the declaration. The demurrer of the defendant was sustained by the Court below. In his order sustaining the demurrer, the trial judge stated that the basis of the action was "the guarantee of the City of Boca Raton to pay the amount of the respective certificates when and if the owner of the land against which the stated sum is assessed defaults in the payment thereof. According to my theory of the case, neither count states a cause of action and the demurrer should be sustained. It is not necessary to pass upon the validity of such certificates and I refrain from doing so. However, I doubt very seriously the negotiability of the certificates sued on and the right of the plaintiff to maintain an action thereof."

The plaintiff having failed to amend its declaration within the time specified in the order, a judgment was rendered in favor of the defendant, to which judgment this writ of error is addressed.

The trial court was evidently of the opinion that the town's liability was purely secondary,—that of a technical guarantor, and that no action could be maintained against the town on the certificates themselves. The statute (Section 3016, C. G. L.) under which the certificates were issued contains the following provision:

"The payment of such certificates and annual interest shall be guaranteed by the city or town, and in case of non-

payment of any interest or principal at maturity by the property owner the same shall be redeemed by the city or town at the option of the holder thereof; but said redemption by the city or town shall not discharge the lien or the assessment against the property, and in case of non-payment of any interest or any installment upon any certificate issued under the provisions of this section, it shall be optional with the holder thereof to consider the whole of said sum expressed in said certificate as immediately due and payable with interest to date. The certificates when issued may be sold or disposed of by the council or commissioners, as the case may be, in payment for said work or improvements, or for cash, in the discretion of the council or commissioners, and all certificates of indebtedness constituting a lien upon property shall be payable at the office of the treasurer or depository of the city or town, as the case may be."

The first clause of this quotation from the statute is set out in each of the certificates practically verbatim.

It is the plaintiff's theory that the town's liability, both by the certificates and the statute under which they were issued, is that of a surety as to the property owner, and, in effect, a primary obligor or principal as to the holder of the certificates; but that even if the town occupied the position of a surety toward the certificate holder, it would still be liable in this action.

In 28 C. J., at page 891, it is said:

"The contract of the surety is a direct original agreement with the obligee that the very thing contracted for shall be done, whereas a guarantor enters into a culminative collateral agreement, by which he agrees that his principal is able to and will perform a contract which he has made or is about to make, and that if he defaults the guarantor will, upon being notified thereof, pay the resulting damages. A

surety is an insurer of the debt or obligation, while a guarantor is an insurer of the ability or solvency of his principal. A strict guarantor is entitled to notice of his principal's default, while a surety is held to know every default of his principal and is liable without such notice."

And again, on the same page, it is said:

"Whether the contract is that of suretyship or guaranty does not depend upon the use of particular or technical words such as 'security,' 'surety,' 'guaranty,' or 'guarantee.' The nature of the obligation, whether primary or secondary, is the determining element," etc.

In the case of Frank Herman & Co. v. *Williams*, 36 Fla. 136, 18 So. 351, Mr. Chief Justice Mabry, speaking for the Court, said:

"Whether an engagement is a collateral agreement or an original undertaking is sometimes a question of difficulty, but when the promise is to do a particular thing, which another person is bound to do in the event he does not do it, the obligation is regarded as an original undertaking, and not a strict or collateral guaranty. Nading v. McGregor, 121 Ind. 465, 23 N. E. 283; Milroy v. Quinn, 69 Ind. 406; Roberts v. Hawkins, 70 Mich. 566, 38 N. W. 575."

It was clearly the intent of the statute, and of the language of the certificates which closely follows that of the statute, that upon the non-payment of the interest or principal of any installment thereof by the property owner on the due date, the town should meet the obligation. There was no provision requiring the certificate holder to make demand upon the property owner or to pursue any remedy against the property owner. It does not appear that the town charter or general law conferred any right upon the certificate holder to proceed against or to foreclose the lien which the city held against the property. The statute pre-

served to the town the lien against the property after the town shall have paid to the holder of the certificate the amount due thereon. This provision would have been a futile one had the statute contemplated that the liability of the town was only that of technical guarantor, because in that event the holders of the certificates would have been compelled to resort to an action against the property owners and to have the property sold under the assessment lien before he or they could have resorted to an action against the town for any unpaid balance, and in that event there would have been no lien for the statute to have preserved in favor of the town. It appearing that there was no authority in the town charter or under the general law which conferred upon the certificate holder the right to enforce the special assessment lien against the property owner, it could only be enforced by the Town of Boca Raton. Marshall v. C. S. Young Construction Company, 94 Fla. 11, 113 So. 565, 55 A. L. R. 662; Buffum v. Stokes, 101 Fla. 984, 133 So. 75. It is clear therefore that upon default by the property owner the town became liable to make payment to the certificate holder, thus guaranteeing the payment of the obligation itself, and making its liability in that respect either primary in its nature, or that of a surety instead of that of a guarantor. In either event the town became liable to the plaintiff on these certificates and the plaintiff was entitled to maintain his action against the town. See also Harvey v. Bank of Center Hill, 83 Fla. 55, 90 So. 699; Fegley v. Jennings, 44 Fla. 203, 32 So. 873; Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311; McIntosh-Huntington Co. v. Reed, 89 Fed. 464, Rouse v. Wooten, 140 N. C. 557, 53 S. E. 430, 6 Ann. Cases 280. In the case at bar, the Town of Boca Raton is a party to the certificate of indebtedness. It has guaranteed that if the property owners

do not pay the certificates at the maturity date the town will pay them. This is clearly a guaranty of the principal obligation and not a guaranty of the solvency of the property owners, or of the ability of the City to collect the assessments from the property owners by foreclosure of its liens.

The statute above referred to, giving the town authority to issue such certificates, has by the language used apparently made it mandatory on the issuing town to guarantee the payment of the certificates issued under such authority in the case of default on the part of the property owner. The ensuing section, Section 3107, C. G. L., gives the town the further option to deposit such certificates of indebtedness with the treasurer and to issue in their place improvement bonds.

We have carefully considered the contentions of the defendant in error, but we are satisfied that there are no irregularities nor ambiguities in the resolution and ordinance enacted by the Commission of the Town which were sufficiently serious to render invalid the certificates. Furthermore, even if such technical irregularities were of more importance than they appear to be, it is quite probable that the town would be estopped to set them up in defense. There is of course a distinction between a case where a town has acted beyond the powers given it by the Legislature and one involving an act which the town had authority to do but which was accomplished in an irregular manner. This case falls in the latter class. There is no question here that the town was by statute and by charter given full authority for the issuance of certificates such as the ones here in litigation, and for pledging the general credit of the town for the payment thereof, as was done in the case of these certificates. Nor is there any question but what the Commission of the Town of Boca Raton at-

tempted to, in what the Commission considered to be a valid manner, issue these certificates in payment for improvements which had been made, and which the Commission had found to be satisfactory, and approved. The certificates contained the following language: "This certificate is issued under provisions of Section 1906, Revised General Statutes of the State of Florida, and the said Town of Boca Raton, hereby pledges to the holder hereof the good faith of said Town for the complete and timely fulfillment of each and every official duty on its part concerning this certificate and coupons hereto attached."

It is further contended by defendant in error that these certificates were non-negotiable instruments. We think this is immaterial here. They are certainly common law choses in action, which are freely assignable, and the assignee is entitled to maintain an action thereon in his own name under the real-party-in-interest statute. Section 4201, C. G. L. As we see it, it makes no difference here whether the assignment of these certificates cut off any existing equities which the City holds against Clint Moore, as the record shows none. If it be admitted that the liquidator stands in the shoes of Clint Moore, we do not see that it either strengthens the case for the defendant in error nor weakens it for the plaintiff in error. The defense did not seek to raise any question of violation of duty or of any wrong on the part of Clint Moore. The defense is that the issuance of these certificates was not properly authorized by the City. The court below does not seem to have been impressed with this defense; nor are we. Our conclusion is that the declaration, or at least the second count thereof, stated a good cause of action and that the demurrer thereto was erroneously sustained.

Reversed and remanded.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.