## PLANT CITY, FLA., v. SCOTT.
### No. 11172.

Circuit Court of Appeals, Fifth Circuit.
April 17, 1945.

Rehearing Denied May 17, 1945.

Morris E. White and Calvin Johnson, both of Tampa, Fla., and Jas. D. Bruton, Jr. and J. E. Cassels, both of Plant City, Fla., for appellant.

T. M. Shackleford, Jr., and Joseph P. Lieb, both of Tampa, Fla., and W. Wallace Shafer, of Lakeland, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

954

WALLER, Circuit Judge.

The City of Plant City, Florida, pursuant to Chapter 6751, Laws of Florida of 1913,[1] issued certificates of indebtedness against certain property within the City for the purpose of financing the paving of certain streets and the installation of certain sewer lines. The principal of the certificates was payable in three annual installments and bore interest at the rate of eight per cent per annum, each certificate was executed in the name of the City, in its corporate capacity, with its corporate seal affixed, and contained the following provision:

"And under the authority of said Act of the Legislature of Florida the said City of Plant City, Florida, does hereby guarantee the payment of this certificate and interest thereon and promises to redeem the same at maturity if not paid by the party or parties whose property is primarily liable therefor." ·

The appellee, plaintiff below, purchased some of said certificates from the City, all of which matured not later than November 16, 1928, and many of which were not paid at maturity. The present suit to require payment by the City was filed more than twelve years after the last maturity.

The City interposed the defenses: (1) That the suit was barred by the five-year statute of limitations contained in the Act; (2) That the suit was barred by the three-year statute of limitations contained in the general statutes of the state against obligations created by statute. Other defenses, more or less general in nature, were pleaded but apparently are not insisted upon. The case was tried by the District Judge, without a jury, who, after taking certain testimony, concluded:

1. That the five-year statute of limitations in Chapter 6751 relates only to suits for the enforcement of liens by the City or in the name of purchasers of the certificates.

2. That the contract of guaranty as offered by said Chapter is a separate and distinct obligation of the City under seal and said Chapter 6751 contains no limitation of time in which suits may be made to enforce the City's contract of guaranty.

3. That if it be assumed that the five-year limitation provided in Section 18 of said Chapter also related to suits against

---

[1] Section 15 of Chapter 6751 provides, among other things, that:

"The City Council, as soon as said assessment is made, *shall issue* certificates of indebtedness for the amount so assessed against the abutting property, a separate certificate to be issued against each tract or parcel of land according to the smallest legal subdivision thereof, containing a description of the lands * * *, and shall contain the name of the owner *if known, and if unknown shall state owner unknown.* * * * *the payment of which certificate and annual interest thereon shall be guaranteed by the City of Plant City, Florida, and in case of nonpayment of annual interest or annual principal at maturity by the property owner, the same shall be redeemed by the City at the option of the holder thereof,* and ·the City *shall then become the legal owner of such certificate* for all intents and purposes, but such redemption by the City shall not discharge the lien or assessment against the abutting property, * * *. Provided that nothing herein shall be construed as preventing the city from holding any or all such certificates in the Treasury of the city for the use and benefit of the city, and in case default in the payment of the principal and interest as above provided, shall have the same right of suit to recover on same as would accrue to a purchaser, and all rights of purchasers shall subrogate to the benefit of the city in the proceedings to collect any past due certificates principal and interest." (Emphasis added.)

Section 18 of the Act contains the following pertinent provisions:

" * * * and *in all cases* mentioned in this Act *where the city* of Plant city *has acquired or may hereafter acquire liens* for improvements, *such liens* or any of them *may be enforced in the following manner by the said city* or in the name of the said city by the holder thereof; First, by a bill in equity, second, by a suit at law. The bill in equity or the declaration in a suit at law shall set forth briefly * * * and *shall contain a prayer that the owner shall be compelled to pay the amount of such lien,* or in default thereof that the said property may be sold to satisfy the same, but the judgment or decree obtained in said suit shall not be enforced or be a lien upon any other property than that which the assessment was made; * * *. All suits for the recovery of the ·amount of any *such certificate as provided herein* shall be brought within five years after the default in payment of any such certificate or lapse of same, or the same shall be barred." (Emphasis added.)

the city upon its contract of guaranty the same would be in violation of Section 20, Article 3, of the Constitution of the State of Florida, under the holdings of the Florida Supreme Court in the case of Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 135 A.L.R. 1458.

4. That the general statute of limitations barring suits on instruments under seal after twenty years is the applicable statute of limitations to the plaintiff's case.

Final judgment was entered against the City in favor of the plaintiff for the principal, interest, and costs found to be due. On appeal the defendant insists that the cause was barred: (1) by the three-year statute of limitations; or (2) by the five-year statute of limitations; and (3) that judgment should have been entered for the defendant at the close of plaintiff's evidence by reason of the fact that the suit was barred by one or the other of said statutes of limitations.

█ Without doubt the lower Court was correct in striking the defense of the three-year statute of limitations against an action upon a liability created by statute other than a penalty of forfeiture, for the statute here merely *enabled* the City to create an obligation.[2] The statute, standing alone, created no obligation, contractual or otherwise, such, for instance, as the provision in the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., providing for a recovery by an employee of an amount as liquidated damages equal to the unpaid minimum wages and overtime due and unpaid under the Act.

If the lower Court was correct in holding that the five-year statute of limitations was not applicable to plaintiff's suit, it will not be necessary to discuss the alleged unconstitutionality of that provision in the Act.

█ In Cochrane v. Town of Boca Raton, 112 Fla. 177, 150 So. 611, 613, the Supreme Court of Florida construed a statute in which the provisions for the guaranty of the certificates were practically identical with the provisions of Section 15 of Chapter 6751 guaranteeing the payment of the certificates by Plant City.[3] In the cited case the holder of certificates of indebtedness, identical in character to the ones issued by Plant City, sued the Town of Boca Raton under its guaranty. It was the plaintiff's theory in that case that the Town's liability, both by the certificates and the statutes under which they were issued, was that of a surety as to the property owner, and that of a primary obligor or principal as to the holder of the certificates. The Florida Court distinguished between a surety and guarantor by quoting the following from 28 C.J. 891: "A surety is an insurer of the debt or obligation, while a guarantor is an insurer of the ability or solvency of his principal. * * * 'Whether the contract is that of suretyship or guaranty does not depend upon the use of particular or technical words such as "security," "surety," "guaranty," or "guarantee." The nature of the obligation, whether primary or secondary, is the determining element,' etc."

After citing other Florida cases the Court continued: "It is clear therefore that upon default by the property owner the town became liable to make payment to the certificate holder, thus guaranteeing the payment of the obligation itself, and making its liability in that respect either primary in its nature, or that of a surety instead of that of a guarantor. In either event the town became liable to the plaintiff on these certificates and the plaintiff was entitled to maintain his action against the town. See, also, Harvey v. Bank of Center Hill, 83 Fla. 55, 90 So. 699; Fegley v. Jennings, 44 Fla. 203, 32 So. 873, 103 Am.St.Rep. 142; Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311; McIntosh-Huntington Co. v. Reed, 3 Cir., 89 F. 464; Rouse v. Wooten, 140 N.C. 557, 53 S.E. 430, 111 Am.St.Rep. 875, 6 Ann.Cas. 280. In the case at bar, the town of Boca Raton is a party to the certificates of indebtedness. It has guaranteed that if the property owners do not pay the certificates at the maturity date the town will pay them. This is clearly a guaranty of the principal obliga-

---

[2] Section 95.11(5) (a), Florida Statutes of 1941, F.S.A., provides that an action upon a liability created by statute, other than a penalty of forfeiture, shall be commenced within three years.

[3] The provisions construed in the Boca Raton case for the guaranty of the certificates were: " * * * the payment of this certificate and the interest there-

on to date of actual payment by the property owners is guaranteed by said town of Boca Raton, Florida, and in case of non-payment of any interest or principal on or before maturity by the property owner, said payment shall be redeemed by the said Town at the option of the holder thereof."

tion and not a guaranty of the solvency of the property owners, or of the ability of the city to collect the assessments from the property owners by foreclosure of its liens."

■ The aptness and correctness of the decision in the Boca Raton case, which, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R 1487, is binding on us, is demonstrated by the language of the statute under consideration here. Section 15 provides: "The City * * * shall issue certificates * * * and shall contain the name of the owner if known, and if unknown shall state owner unknown."

■ This provision indicates that the obligation of the City was not merely that of a guarantor of the solvency of the owner. He was not even required to be known. The section further provided that the *payment* of the certificate and interest shall be guaranteed by the City—not merely the *solvency* of the landowner. It also provides that in case of nonpayment of principal or interest the City shall redeem the certificate at the option of the holder and shall then become the legal owner of such certificate.

Redemption of the certificate by the City would take from the owner his lien against the property embraced in such certificate and vest the certificate and the lien in the City.

The City issued and sold the certificates and, under the Act and the Florida decisions, was either a primary obligor or a surety, and liable in either event to the plaintiff. The holding of the lower Court to that effect is approved.

This brings us to the inquiry as to whether or not the lower Court was correct in holding that the five-year limitation for bringing suit under Section 18 of Chapter 6751 relates only to suits for the enforcement of liens by the City or in the name of the City by the holder, and not to suits against the City as surety or primary obligor. Section 18 provides, in substance, that in all cases where the City has acquired such liens they may be enforced "in the following manner by the said city or in the name of the said city by the holder", viz., by a bill in equity or a suit at law, which shall contain a prayer that the owner be compelled to pay the amount of such lien or that the property be sold to satisfy same. The section further provides that all suits for the recovery of the amount of any certificate "as provided herein" shall be brought within five years. It seems clear that the five-year limitation could only relate to a bill in equity or a suit at law by the City, or in the name of the City, seeking to enforce the lien against the property itself either in its own name or in the name of the former holder. The words "as provided herein" refer to the above provision for suits by, or in the name of, the City against the property as outlined in Section 18.

The third and last question is whether or not Sec. 95.11(1) Florida Statutes of 1941, F.S.A., barring suit after twenty years on instruments under seal, is the statute of limitations applicable to the suit here.

■ The certificates of indebtedness were issued by the City in its corporate capacity and under its corporate seal, signed by the Mayor, the President of the Council, and attested by the City Clerk. The obligation of the City, either as a primary obligor or as a surety, is evidenced by formal instruments under seal. The distinction between instruments under seal and those not under seal is substantial, for a seal imports authenticity and consideration, and in Florida they have a life of twenty years after default as compared with the five years of an instrument not under seal. The City intended to sell, and did sell, these certificates, and no doubt an instrument under which the right to bring action would expire in five years would not be as attractive to investors as would an instrument whose period for the bringing of suit would not expire until twenty years.

We agree with the Court below that the applicable statute of limitations was the twenty-year statute relating to instruments under seal.

The judgment of the Court below is affirmed.